CITY OF NEW BRITAIN *vs.* EDWARD O. KILBOURNE.

First Judicial District, Hartford, May Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued May 14th—decided July 10th, 1929.

*Frederick B. Hungerford* and *Morris D. Saxe,* for the appellant (defendant).

*John H. Kirkham,* with whom, on the brief, was *Mortimer H. Camp,* for the appellee (plaintiff).

HAINES, J. The defendant on May 21st, 1925, owned a tract of land in New Britain, fronting on Stanley Street, which is a main highway from New Britain to Hartford upon which he desired to erect a gas station. A ravine twelve to fifteen feet lower than the surface of the street, extended through this tract for a distance of more than one hundred and fifty feet and a brook crossed the street at this point through a cul-

vert and emptied into this ravine. On the date named the defendant obtained a permit from the building inspector of the city of New Britain to locate and build a gas station at this location and also obtained a permit from the State Commissioner of Motor Vehicles to sell gas at the proposed station. In making the application for these permits the defendant stated to both the city and the State officials that it would be necessary for him to cover the brook with a culvert and fill and grade the land in order to furnish a location for the station and abate unsightly and unsanitary conditions. It would have been impracticable to put a building and accessories for a gas station on this tract without constructing the culvert and doing the filling referred to in order to bring the land to the level of the street, all of which, together with the intention of the defendant to do this, was known and understood by the officials prior to their issuance of the permits. The defendant began to build the culvert May 23d—two days after the granting of the permits, and completed it between July 18th and 25th, 1925. It was not designed to locate the gas station building directly over the culvert. The filling of the ravine was begun at once after the culvert was constructed, and the filling was completed on or about May 25th, 1926, and the work of excavating trenches for the foundation walls of the building was thereupon begun and the defendant would have completed the construction of the station before September 16th, 1926, had he not been prevented by an injunction issued on application of the officials of the city of New Britain.

This application was made under the sanction of a zoning ordinance adopted by the city September 16th, 1925, by the provisions of which the premises in question were zoned in Residence A District so-called in

which gas stations were forbidden by the ordinance. One of the sections of the zoning ordinance was the following: "The provisions of this ordinance shall not require any change in the plans, construction or designated use of any building for which a permit shall have heretofore been lawfully and finally issued; provided that construction shall begin within three months from the date of issuance of such permit, and that the building be completed in its entirety within one year from the date of enactment of this ordinance."

The plaintiff city in its application for the injunction alleged that the placing of a gas station on these premises was forbidden by the zoning ordinance and unlawful and the defendant in answer plead the above quoted provision of the ordinance to which the city demurred, alleging that the defendant did not commence the "construction" of the building until on or about June 1st, 1926, more than three months after the granting of the permit or any renewal thereof; because the construction of the culvert and the filling-in did not constitute the "construction" of the building, nor the commencement of the same; and because the alleged renewal of the permit dated November 21st, 1925, was unlawful. The City Court sustained this demurrer on the ground that the work of building the culvert and the filling-in were only a preparation of the land for the beginning of construction, within the meaning of the ordinance. The Superior Court on appeal sustained the view of the City Court and made the injunction permanent, and the defendant then appealed to this court.

It is found as a fact that the construction of the gas station could have been completed within one year from the date of the adoption of the zoning ordinance save for the injunction, and this leaves a single question of interpretation for our consideration, viz:

whether the defendant began the "construction" of the station for which he held a permit, within three months after the date of the permit.

We take judicial notice of what a so-called "gas filling station" consists. It is defined with substantial comprehensiveness in the complaint made by the city in the present action, and includes not only the house or building provided for the storage of supplies and the use and shelter of the operatives, but also "tanks, pumps, structures and filling station for business purposes and the supplying of gas and oil for automobiles of the general public." It also includes of necessity, suitable approaches and exits at substantially the level of the street. It is apparent that this was what the defendant sought permits to construct and use upon these premises, and that this was what the permits allowed him to do. The established facts also render it apparent that the permits were issued with the understanding of the authorities that the "construction" could not be made complete unless the culvert and filling-in were first done. To have given a permit simply to erect a building on the land in its then condition would have been giving the defendant a right to do an impossible thing. The intent of the officials clearly was to permit the defendant to place a complete gas station at this point on the highway and it is this complete station or plant which is prohibited by the ordinance. We do not think either the permit or the ordinance intended only that part of the station which could be called a house or building, but both must be considered as referring to the station as a whole.

When the defendant began the actual work of installing the gas station on these premises he had begun the "construction" of the gas station. He had begun the work which all parties contemplated and expected

would be done. This is a broad interpretation of the exception provision of the ordinance, but it effectuates the intent of the exception as we view it. The exception we think fairly seeks to avoid the unjust imposition of loss upon those who have in good faith and in reliance upon the act of the city thus invested their money and labor in building operations. To fail to protect this defendant's investment of about $4500 in reliance upon the city's permit would be unfair and inequitable. This is an equitable action, and he who seeks equity must do equity. We are bound to assume that the intent to do equity inheres in this exception, and the language used fairly permits the interpretation we have given it; nor do we think a proper consideration of public interests or policies dictates the narrow construction of the ordinance which the city now seeks to put upon it.

The definitive or lexicological significance of the word "construction" is not conclusive of the legislative intent in this provision of the ordinance. Rather do we attach significance to the use of the same word in other legislative enactments in this State.

We are satisfied that the beneficial purpose underlying both enactments can only be fully served by the liberal interpretation we give them, and we accordingly hold in the instant case that the defendant began the work of constructing the gas station authorized by his permit, within the three months period therein prescribed.

The plaintiff in its brief discusses the question whether the original permit of May 21st, 1925, was lawfully issued, but the defendant's brief makes no mention of the question, and it was not argued on the appeal.

Under these circumstances we can only treat the

permit as lawfully issued and any question of its legality as not properly before us.

There is error and the cause is remanded with direction to enter judgment for the defendant, together with an order restraining the plaintiff from further interference with the work of construction until October 25th, 1929.

In this opinion the other judges concurred.