STATE OF CONNECTICUT *v.* G. LeROY KEMP.

STATE OF CONNECTICUT *v.* SIMON J. ALDERMAN ET ALS.

STATE OF CONNECTICUT *v.* GEORGE H. KINGSLEY ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued October 4th—decided October 14th, 1938.

*Lorin W. Willis,* with whom were *Otto J. Saur* and *Richard F. Corkey,* for the appellant (the State).

*John Keogh* and *John Keogh, Jr.,* for the appellee (defendant).

*George W. Crawford*, with whom, on the brief, was *Nathan Shepatin*, for the appellant (defendant Alderman).

*Benjamin Slade*, for the appellants (defendants Kingsley, Murray and Meany).

*Hugh M. Alcorn*, Special State's Attorney, with whom were *Hugh Meade Alcorn, Jr.*, and *Harold E. Mitchell*, for the appellee (the State).

MALTBIE, C. J.  In the first of these cases the defendant has been charged with a criminal offense by the indictment of a grand jury.  In the other two, informations have been brought against the defendants as a result of a report made by a special grand jury. All three cases are before us upon motions for permission to inspect the minutes of the grand juries.  In the first case the trial court granted the motion and the State has appealed, but in the other two the trial court in a different county denied the motions and the defendants have appealed.  Whatever difference, if any, there may be in the rights of the defendants to inspect the minutes, there is no distinction as regards the question presented upon these motions to erase the appeals.  The question before us is whether the rulings upon the motions are final judgments within the statute giving a right of appeal to this court.  General Statutes, § 5689.

We have said, referring to a ruling granting a motion to erase a case from the docket, that "Any order

or proceeding which disposes of the cause, and places the parties out of court, is 'final.' " *Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 31, 78 Atl. 587; *O'Brien's Petition*, 79 Conn. 46, 59, 63 Atl. 777. It is also true that a decision which concludes the right of a party to the relief he claims may be a final judgment, although the proceeding in which that decision is reached does not dispose of the entire case but it still remains in court for adjudication of other claims for relief involving the same or other parties. Practice Book, § 372; *Bunnell* v. *Berlin Iron Bridge Co.*, 66 Conn. 24, 37, 33 Atl. 533; *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.*, 108 Conn. 304, 307, 142 Atl. 838; *Enfield* v. *Hamilton*, 110 Conn. 319, 322, 148 Atl. 353; *Antman* v. *Connecticut Light & Power Co.*, 117 Conn. 230, 238, 167 Atl. 715. Thus an appeal lies from an order made in the course of receivership proceedings which determines the right of a party to the relief he claims. *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, R. & N. E. R. Co.*, 69 Conn. 709, 714, 38 Atl. 792; *Barber* v. *International Co.*, 74 Conn. 652, 657, 51 Atl. 857; *Raymond* v. *Gilman*, 111 Conn. 605, 611, 151 Atl. 248. So it lies from an order appointing appraisers in condemnation proceedings. *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 242, 52 Atl. 947; *Bristol* v. *Bristol Water Co.*, 85 Conn. 663, 670, 84 Atl. 314; *Antman* v. *Connecticut Light & Power Co.*, supra. In the last case we say: "Ordinarily, the judgment appointing appraisers closes the judicial part of the proceedings, what remains to be done being of an administrative character, as the appraisers discharge only a quasi-judicial function." So a judgment disposing of equitable issues may be final although the action remains in court for the disposition of a claim for damages at law. *Enfield* v. *Hamilton*, supra.

In *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* supra, we said with reference to final judgments in the appeal statute: "The test lies, not in the nature of the judgment, but in its effect as concluding the rights of some or all of the parties; if such rights are concluded, so that further proceedings after entry of the order or decree of the court cannot affect them, then the judgment is a final judgment from which an appeal lies." We did not use the word "rights" in that opinion in an inclusive sense. There are many rulings in the course of an action by which rights are determined which are interlocutory in their nature and reviewable only upon an appeal taken from a judgment later rendered. *France* v. *Munson*, 123 Conn. 102, 107, 192 Atl. 706. Such rulings are those made in the course of the proceeding, the object of which is to bring the parties to, and present to the court for determination, the ultimate issues which determine the right of a party to the relief he claims, but which neither terminate the action nor determine those issues in such a manner as to put it beyond the power of the court to alter its decision except as it may reopen the judgment it has rendered. *Batesville* v. *Ball*, 100 Ark. 496, 500, 140 S. W. 712. The character of such interlocutory rulings is well illustrated in the case of a demurrer; the decision upon it may determine the basic issues upon which a party relies for relief, yet that decision, whether the demurrer be sustained or overruled, is not a final judgment from which an appeal may be taken. *Huntington* v. *McMahon*, 48 Conn. 174, 201; *Costecski* v. *Skarulis*, 103 Conn. 762, 131 Atl. 398. Thus where the trial court sustained the demurrer of a town, defendant in the action, we held that no appeal would lie from the decision, saying: "The court simply sustained the town's demurrer. This alone did not amount to

final judgment dismissing the town from the case. It might furnish the foundation for such a judgment, if amendment should not be made. The rights of the parties as against the town were not finally foreclosed by the ruling upon the demurrer. The town was still in court. The case against it was still open. Judgment might still be rendered against it upon amended pleadings." *Martin* v. *Sherwood,* 74 Conn. 202, 203, 50 Atl. 564. An analogous situation exists where the court makes a ruling sustaining a demurrer to a remonstrance to a committee's report and refuses to accept that report. *Cothren* v. *Atwood,* 63 Conn. 576, 29 Atl. 13.

Recognizing the force of these decisions the appellants claim that the motions now before us were made in proceedings collateral to but independent of the prosecutions and as the rulings upon them terminated those proceedings they constitute final judgments. Under § 5701 of the General Statutes a court may, for certain reasons, such as the discovery of new evidence, grant a new trial of an action, and while a petition for such relief is really ancillary to the original action, nevertheless, unless relief is sought by a motion made in the course of that action, the petition must be served and returned as is required in the case of other civil process; *Gannon* v. *State,* 75 Conn. 576, 577, 54 Atl. 199; *Reilly* v. *State,* 119 Conn. 217, 220, 175 Atl. 582; and we have held that the judgment upon such a petition is to be regarded as so far final that an appeal may be taken from it. *Husted* v. *Mead,* 58 Conn. 55, 68, 19 Atl. 233. The statutes also provide that in certain instances an application may be made to a judge of the court in which an action is pending for reduction in the amount of an attachment or for its dissolution, the adverse party being cited to appear to answer thereto; General Statutes, § 5740 et seq.;

we have held that a ruling of the judge upon such an application is a final judgment, from which an appeal may be taken, stating that the proceedings were "not only in fact and form, but also of necessity, entirely independent of that action and not incidental to it," and that when the order was made "the matter was at an end and the proceeding and parties were, save for the possibility of appeal, out of court. The order could not be regarded as in any sense an interlocutory one made in the progress of the pending suit. That progress was not concerned with or in any way affected by it. The order made final disposition of a judicial or quasi-judicial proceeding authorized by statute, and therefore was a final judgment within the meaning of our statutes regulating appeals." *Sachs* v. *Nussenbaum*, 92 Conn. 682, 685, 104 Atl. 393. Section 5920 of the General Statutes provides that a court may, in an action pending before it, make "any order, interlocutory or final, in the nature of" certain prerogative writs, including that of mandamus. In *Wardell* v. *Killingly*, 96 Conn. 718, 115 Atl. 539, it developed during the trial that the plaintiff, who was suing to recover for a breach of contract of employment as a teacher, did not have a requisite certificate; thereupon a continuance of the action was granted and the plaintiff brought an application in the nature of a mandamus to compel the issuance of such a certificate to her; and we held that an appeal lay from the decision for the defendant in that proceeding, saying (p. 722): "The application [for mandamus] takes the place of an independent action; its purpose is the same as if an action of mandamus had been begun. In fact the applications are independent actions, they are not merely ancillary to the main action."

The motions before us do not present an analogous situation. They were made in the course of the pro-

ceedings following upon the indictment or informations and their object was to obtain certain evidence which might aid the defendants in their preparation for and conduct of the trial. The rulings were a part of the proceedings in the principal cases and were strictly interlocutory in their nature. They were not final judgments within our appeal statute.

It may be that there is justification for the different rulings made on the motions by the trial courts before which they came. The cases differ, whether materially or not we do not need to consider, in that in the first the prosecution is based upon an indictment by the grand jury and in the others upon informations filed by the special state's attorney, and other variant circumstances may have entered into the respective decisions. We do not overlook the fact that counsel for the defendant appellants claim that they will be much hampered by these rulings in their preparation for trial and in a full and fair presentation of the cases in court. They state in their briefs that witnesses before the grand jury were sworn to secrecy and that the defendants cannot, therefore, ascertain from those witnesses facts relevant to their defense. That is clearly a misunderstanding of the situation. The oath would prevent such witnesses from disclosing what took place in the grand jury room, including the testimony they or others there gave. But it would not prevent them if they so desired from giving to the defendants any information they might have relevant to the prosecution even though it was the same information as to which they testified before the grand jury.

Should the present appeals be sustained they would serve as precedents which might go far to nullify the purpose of the Legislature in authorizing an appeal only from a "final judgment." These motions are, for example, closely analogous to motions for disclosure

or to inspect the person of a party to the action, and the like. To permit appeals from rulings upon such motions might seriously delay the final disposition of pending cases. On the one hand, counsel who sincerely felt that by an order upon such a motion the rights of his client were seriously harmed might feel compelled to take an immediate appeal; and, on the other hand, the opportunity to appeal in such a situation might well serve the purpose of parties who desire for their own ends to postpone the final determination of the issues. Allowance of multiple appeals in a single action would not accord with the sound policy which favors the speedy disposition of actions in court, and particularly of criminal prosecutions.

The motions to erase are granted.

In this opinion the other judges concurred.