## STANLEY PADAIGIS *v.* MAGGIE KANE.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 3—decided February 7, 1939.

*Francis P. Guilfoile,* with whom was *Lawrence J. Matzkin,* and, on the brief, *Yale Matzkin,* for the appellant (plaintiff).

*Harry M. Albert,* with whom was *Michael V. Blansfield,* for the appellee (defendant).

PER CURIAM. The plaintiff sued upon a note for $5000, the defendant pleaded a general denial, and the trial court gave judgment for the plaintiff to recover the amount of the note with interest. Two days later, during the same term of court, the defendant made a motion to open the judgment in order to enable her to offer further evidence and to file an amendment to the answer specially pleading lack of consideration for the note. The trial court opened the judgment but did not then give permission for the filing of the special defense. Some time later it was filed but under what circumstances the record does not disclose. Another trial was had and the court sustained the plea of lack of consideration. The plaintiff appealed but did not obtain a finding of facts. The only claims of error pursued before us are that the trial court erred as matter of law in permitting the filing of the special

defense. The judgment having been opened the case stood as though no judgment had been rendered. *Simpson* v. *Y. M. C. A. of Bridgeport,* 118 Conn. 414, 418, 172 Atl. 855. Upon this record we cannot hold that there was any such inconsistency in the defendant's pleading as to prevent her from advancing the defense of lack of consideration. *Hoard* v. *Sears, Roebuck & Co., Inc.,* 122 Conn. 185, 191, 188 Atl. 269. If, as is suggested by the record, the failure specially to plead that defense prevented the defendant from offering evidence upon that issue at the original trial, there was ample justification for the allowance of the amendment to the answer. *Ideal Financing Association* v. *LaBonte,* 120 Conn. 190, 195, 180 Atl. 300.

There is no error.