JOSEPH OSTROSKI *v.* MONICA T. OSTROSKI

MALTBIE, C. J., BROWN, JENNINGS, ELLS and COMLEY, JS.

Argued April 5—decided May 18, 1949.

*Thomas J. Hagarty,* for the appellee (defendant).

*Harry M. Albert,* with whom was *Irving W. Pasternak,* for the appellant (plaintiff).

MALTBIE, C. J.   No appearance was entered for the defendant in this divorce action, and on December 22, 1948, judgment was rendered for the plaintiff. Subsequently, on the motion of the defendant, the judgment was opened, on the ground that she had consulted counsel but by accident or inadvertence no appearance for her was entered, and that counsel believed she had a good defense. From the order opening the judgment

the plaintiff has filed an appeal. The defendant moves to erase it upon the ground that the order was not such a final judgment as can be made the basis of an appeal.

The test for determining whether a judgment is final is stated in *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works,* 108 Conn. 304, 307, 142 A. 838: "The test lies, not in the nature of the judgment, but in its effect as concluding the rights of some or all of the parties; if such rights are concluded, so that further proceedings after the entry of the order or decree of the court cannot affect them, then the judgment is a final judgment . . ." *State* v. *Kemp,* 124 Conn. 639, 643, 1 A. 2d 761; *Felletter* v. *Thompson,* 133 Conn. 277, 278, 50 A. 2d 81; *Hiss* v. *Hiss,* 135 Conn. 333, 335, 64 A. 2d 173. The opening of the judgment in this case left the issues undisposed of, and upon a rehearing the plaintiff may still prove that he is entitled to a divorce. He is not precluded from asserting on a rehearing every right he has to the legal relief he claims. What we said in holding that the sustaining of a demurrer to a complaint was not a final judgment is apt to the situation before us: "The court simply sustained the town's demurrer. This alone did not amount to final judgment dismissing the town from the case. It might furnish the foundation for such a judgment, if amendment should not be made. The rights of the parties as against the town were not finally foreclosed by the ruling upon the demurrer. The town was still in court. The case against it was still open. Judgment might still be rendered against it upon amended pleadings." *Martin* v. *Sherwood,* 74 Conn. 202, 203, 50 A. 564. In *Burdick* v. *United State Finishing Co.,* 128 Conn. 284, 22 A. 2d 629, we held that a judgment of the Superior Court remanding a case to a workmen's compensation commissioner to hear further evidence and make an award upon a corrected finding was not a final

judgment, paraphrasing the passage we have quoted from the *Sherwood* case and saying: "The judgment of the Superior Court did not finally determine the issues against the defendants but upon further proceedings before the commissioner they might still prevail." We have held that the granting of a motion to open a judgment is not ordinarily a final judgment within the appeal statute; *Ferguson* v. *Sabo,* 115 Conn. 619, 623, 162 A. 844; and we have decided that the granting of a motion to restore to the docket a case which has been stricken from it stands on like ground and is not the basis of an appeal. *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 A. 407; *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* 123 Conn. 166, 167, 193 A. 204. *In re Application of Title & Guaranty Co.,* 109 Conn. 45, 145 A. 151, relied on by the plaintiff, does not hold to the contrary; in that case there was an attempt to appeal from the opening of a judgment and the appeal was dismissed, although upon the ground, it is true, that no judgment had been rendered. The case of *State* v. *Maresca,* 85 Conn. 509, 83 A. 635, also relied upon by the plaintiff, was an appeal from the refusal to open a criminal judgment, and the denial of a motion to open a judgment presents a different situation from an order granting such a motion. There are, it is true, certain circumstances under which the opening of a judgment may be the basis of an appeal; this is so where the effect is finally to determine the rights of a party; *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works,* supra, 308; or where the opening is incident to a claim for its modification based on a change of circumstances in a case over which the court has a continuing jurisdiction; see *Morrill* v. *Morrill,* 83 Conn. 479, 484, 77 A. 1; *Lilley* v. *Lilley,* 125 Conn. 339, 5 A. 2d 849; but no such situation is presented in this case. The granting of a motion to open

a judgment is an interlocutory ruling reviewable upon an appeal from the final judgment. *Luliewicz* v. *Eastern Malleable Iron Co.,* 126 Conn. 522, 12 A. 2d 779; *State* v. *Kemp,* supra. In *Connecticut Mortgage & Title Guaranty Co.* v. *DiFrancesco,* 112 Conn. 673, 674, 151 A. 491, cited by the plaintiff, we were speaking of the right to review such orders, not the procedure by which they could be presented to us.

The motion to erase the appeal is granted.

In this opinion the other judges concurred.