## MAX HOBERMAN *v.* LAKE OF ISLES, INC., ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued February 19—decided March 4, 1952

*Samuel M. Gruskin,* with whom was *Sidney F. Heller,* for the appellants (defendants).

*Charles G. Albom,* for the appellee (plaintiff).

INGLIS, J. This action was brought to foreclose a mortgage. The answer denied the execution of the mortgage and alleged that the loan purporting to be secured had not been made. Judgment was entered for the defendants. Thereafter the plaintiff filed his motion for a new trial pursuant to Practice Book, § 229. The court found that material testimony relating to the execution of the mortgage given by the defendant

Girden on the trial of the case was false.  It concluded that for that reason the judgment must be opened and a new trial had in order to avoid injustice or judicial error and entered an order granting the motion.  From that order this appeal has been taken.  The only questions raised or argued on the appeal related to the propriety of the order.  The appeal, however, necessarily raises another and more fundamental question, namely, whether the order is one from which an appeal lies.

Section 8003 of the General Statutes authorizes an appeal only from a final judgment or from a decision granting a motion to set aside a verdict.  The jurisdiction of this court is therefore limited to appeals which are within either of those two categories.  Since it is a matter of jurisdiction, this court may and should upon its own motion reject any purported appeal which is not within the statute even though the question has not been raised by a motion to erase.  *Marcil* v. *A. H. Merriman & Sons, Inc.*, 115 Conn. 678, 682, 163 A. 411; *In re Application of Title & Guaranty Co.*, 109 Conn. 45, 51, 145 A. 151.

The present appeal is clearly not one from a decision granting a motion to set aside a verdict.  The sole question, therefore, is whether the order granting the motion for a new trial is a final judgment under the statute.  In determining whether a decision of a trial court is a final judgment, we have uniformly applied the test laid down in *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.*, 108 Conn. 304, 307, 142 A. 838: "The test lies, not in the nature of the judgment, but in its effect as concluding the rights of some or all of the parties; if such rights are concluded, so that further proceedings after the entry of the order or decree of the court cannot affect them, then the judgment is a final judgment from which an appeal lies."  In *State* v. *Kemp*, 124 Conn. 639, 643, 1 A. 2d

761, we said: "We did not use the word 'rights' in [the *Banca*] opinion in an inclusive sense. There are many rulings in the course of an action by which rights are determined which are interlocutory in their nature and reviewable only upon an appeal taken from a judgment later rendered."

Proceedings upon a motion to open a judgment and for a new trial are interlocutory. The rule requires such a motion to be filed within six days after the rendition of the judgment. It contemplates that action on the motion shall be taken while the court has power to modify its judgment, that is, during the term in which the judgment is rendered or while the court has the power by virtue of the fact that the motion is pending. See *Morici* v. *Jarvie*, 137 Conn. 97, 104, 75 A. 2d 47. The granting of the motion does not determine any of the substantive rights of the parties. See *Magill* v. *Lyman*, 6 Conn. 59, 61. It determines merely that the parties must retry the issues in order to obtain a final adjudication of those rights. After the retrial is had and judgment is entered, on appeal from that judgment the granting of the motion for a new trial may be assigned as error. *Ferguson* v. *Sabo*, 115 Conn. 619, 623, 162 A. 844.

The effect of the granting of such a motion is analogous to that of an order of the Superior Court remanding a case to a workmen's compensation commissioner to hear further evidence, correct the finding and enter a new award. Such an order, we have held, is not appealable to this court. *Burdick* v. *United States Finishing Co.*, 128 Conn. 284, 22 A. 2d 629. An order restoring to the docket a case which was previously withdrawn provides an even closer analogy. Such an order deprives the defendant of the equivalent of a judgment in his favor and compels him to relitigate the issue. Yet we have held that the granting of a

motion to restore is not a final judgment from which an appeal lies. *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* 123 Conn. 166, 167, 193 A. 204.

In *Ferguson* v. *Sabo,* supra, 623, we said that the granting of a motion to open a judgment of strict foreclosure after title had become absolute is not a final judgment permitting an appeal. Directly in point is *Ostroski* v. *Ostroski,* 135 Conn. 509, 66 A. 2d 599. In that case it is held that an order opening a divorce judgment is not appealable. The opinion (p. 510) says: "The opening of the judgment in this case left the issues undisposed of, and upon a rehearing the plaintiff may still prove that he is entitled to a divorce. He is not precluded from asserting on a rehearing every right he has to the legal relief he claims." If the word "foreclosure" is substituted for "divorce," this quotation is a complete and accurate statement of the situation in the present case. The question presented in the *Ostroski* case was the same as that now before us. The decision in that case concludes the matter.

So far as the right of appeal is concerned, there is a distinction between an order granting a motion for a new trial and a judgment entered upon a petition for a new trial, which may be instituted at any time within three years after a judgment is rendered. See General Statutes § 8322. The latter is appealable. *Palverari* v. *Finta,* 129 Conn. 38, 41, 26 A. 2d 229; *Husted* v. *Mead,* 58 Conn. 55, 68, 19 A. 233. The difference is in at least two essential particulars. In the first place, a petition for a new trial is instituted by writ and complaint served upon the adverse party in the same manner as in any other new action. Although the action so started is collateral to the action in which the new trial is sought, it nevertheless is a distinct suit in itself. The judgment rendered therein is, therefore, the termination of the suit. It is the final judgment in the

action.   See *State* v. *Kemp*, 124 Conn. 639, 644, 1 A. 2d 761.   On the other hand, a motion for a new trial is filed in a case already pending and is merely a step in the procedure leading to the final judgment in that case.   In the second place, claimed errors committed in rendering judgment on a petition for a new trial are not reviewable on an appeal from the judgment rendered in the action in which a new trial is sought. This consideration is given as the basis of the decision in both the *Palverari* case and the *Husted* case.   The same is not true of a decision by the trial court on the less formal motion for a new trial.   As is pointed out above, errors claimed in connection therewith may be assigned on the appeal from the judgment in the case in which the motion was made.

The order for a new trial from which this appeal was taken was purely interlocutory.   It was entered at a time when the trial court still had control over and power to modify the judgment which it had rendered. The order did not finally conclude any of the rights of the parties which were in litigation.   It, therefore, is not a final judgment from which an appeal lies.   This court is without jurisdiction and the appeal must be dismissed.   When an appeal is dismissed for lack of jurisdiction no costs are taxable.   *Sisk* v. *Meagher*, 82 Conn. 483, 74 A. 880; *Parmalee* v. *Bethlehem*, 57 Conn. 270, 273, 18 A. 94; Maltbie, Conn. App. Proc., § 149.

The appeal is dismissed without taxable costs to either party.

In this opinion the other judges concurred.