NICHOLAS ALBERINO *v.* LOUIS J. CRISCUOLO, JR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-636-10810

Argued September 28—decided December 3, 1964

*Roslyn Z. P. Montlick,* of New Haven, for the appellant (plaintiff).

*Leonard L. Levy,* of New Haven, for the appellee (defendant).

PER CURIAM. The plaintiff brought an action on a promissory note and received a judgment after default for failure to appear, in accordance with what are now §§ 876 to 884 of the Practice Book, on July 24, 1963. On August 14, 1963, a wage execution was issued, and on September 21, 1963, the defendant filed a motion to open the judgment upon default which, after a hearing, was granted on November 6, 1963. The plaintiff appealed, assigning as error the failure to correct the finding, the conclusions of the court reached in the finding, the granting of the defendant's motion without the presentation of evidence, and the granting of the motion without proof of defective service or that the defendant was prevented from appearing by mistake, accident or other reasonable cause.

Section 600 of the 1963 Practice Book, made applicable to the Circuit Court by § 1023, authorizes an appeal only from a final judgment, and § 51-265 of the General Statutes allows appeals from any final judgment or action, thereby limiting the jurisdiction of this court to such judgments and actions. Since it is a matter of jurisdiction, this court may and should, upon its own motion, reject any purported appeal which is not within § 51-265 of the General Statutes and § 600 of the Practice Book, even though the question has not been raised by appropriate motion or argument. *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574; see *Marcil* v. *A. H. Merriman & Sons, Inc.,* 115 Conn. 678, 682; *In re Application of Title & Guaranty Co.,* 109 Conn. 45, 51.

The question to be determined is whether the order granting the opening of the judgment is a final appealable judgment or a final action of the Circuit Court. The word "final" in the statute, § 51-265, applies to both "judgment" and "action." *Waterbury Blank Book Mfg. Co.* v. *Hurlburt,* 73 Conn. 715, 717; *State* v. *Wilson,* 22 Conn. Sup. 345, 346, 1 Conn. Cir. Ct. 19, 20. The test of the finality of a trial court's decision is stated as follows: "The test lies, not in the nature of the judgment, but in its effect as concluding the rights of some or all of the parties; if such rights are concluded, so that further proceedings after the entry of the order or decree of the court cannot affect them, then the judgment is a final judgment from which an appeal lies." *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307; *Hoberman* v. *Lake of Isles, Inc.,* supra; see *Gores* v. *Rosenthal,* 148 Conn. 218, 221. "Proceedings upon a motion to open a judgment and for a new trial are interlocutory." *Hoberman* v. *Lake of Isles, Inc.,* supra, 575. The Supreme Court of Errors has held "that the granting of a motion to open a judgment is not ordinarily a final judgment within the appeal statute." *Ostroski* v. *Ostroski,* 135 Conn. 509, 511; see *Ferguson* v. *Sabo,* 115 Conn. 619, 623. "The granting of a motion to open a judgment is an interlocutory ruling reviewable upon an appeal from a final judgment." *Ostroski* v. *Ostroski,* supra; see *Luliewicz* v. *Eastern Malleable Iron Co.,* 126 Conn. 522, 524.

The order opening the judgment from which this appeal was taken was interlocutory and was entered while the trial court had control of the judgment it had rendered. The opening of the judgment does not determine the substantive rights of the parties; it determines only that the parties retry or, as in this case, try the issues in order finally to adjudicate

their claims and rights. The order did not conclude finally the rights of the parties which were in litigation and is therefore not a final judgment or action from which an appeal lies. After the retrial and upon judgment being rendered, the granting of the motion to open the judgment may be assigned as error.

The appeal is dismissed for lack of jurisdiction.

PRUYN, KOSICKI and LEVINE, Js., participated in this decision.