CATHERINE L. WRANG ET AL. *v.* EMMA L. SPENCER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 9-651-2365

Argued August 29—decided October 13, 1967

*Anthony A. Tomaro,* of Hartford, for the appellants (plaintiffs).

*David C. Rappe,* of Hartford, for the appellee (defendant).

JACOBS, J. This action was tried and completed on October 27, 1965, in the Circuit Court for the ninth circuit held at Middletown. On August 15, 1966, no judgment therein having been rendered, defendant's counsel wrote a letter addressed to the clerk's office which, in relevant part, reads as follows: "This letter is to inquire as to whether or not you have learned anything up to now [concerning the case of *Wrang* v. *Spencer*], and also to notify the court [*Eielson, J.*] that we have not waived our rights under the statute and the case law concerning late judgments." More than seven months later, on March 20, 1967, not having been notified of any action taken by the court, both counsel of record in a joint letter directed to the then chief judge of the Circuit Court, after giving a chronological statement reflecting the proceedings in the cause, added: "We respectfully request that you discreetly use your influence and authority to have a decision

rendered in *Wrang . . . v. Spencer* case." On March 21, 1967, some seventeen months after the completion of the trial, judgment was rendered for the plaintiffs to recover of the defendant damages in the sum of $937.02. On March 29, 1967, the defendant filed a motion entitled "motion to set aside verdict" upon the ground that the judgment was erroneous.[1] The trial court granted the motion and ordered a new trial based on § 51-29 of the General Statutes, which provides in part: "In the circuit court, judgment shall be rendered within ninety days after the completion of a civil trial." From this action, the plaintiffs have appealed.[2]

A preliminary question with which we are immediately confronted on this appeal, although not raised by the parties, is whether the action of the trial court in vacating the judgment and ordering a new trial possesses the requisite finality within our general right of appeal statute, which restricts appeals to this court to those taken "from any final judgment or action of the circuit court." General Statutes § 51-265; see *Resnik* v. *Muir*, 4 Conn. Cir. Ct. 293, 295. In *Ostroski* v. *Ostroski*, 135 Conn. 509, 511, our Supreme Court, in holding that an order opening a divorce judgment was not appealable, said: "We have held that the granting of a motion to open a judgment is not ordinarily a final judg-

---

[1] We cannot give countenance to the unprecedented procedural method sought to be invoked by the defendant in filing the printed form of motion customarily used in jury cases (Practice Book § 254); moreover, the motion lacks specificity.

[2] On appeal to this court, the plaintiffs argued that the joint letter sent to the chief judge constituted a waiver under such cases as *Hurlbutt* v. *Hatheway*, 139 Conn. 258, 263, and *Whitaker* v. *Cannon Mills Co.*, 132 Conn. 434, 438. There is no finding in this case, and none was requested. The record before us contains the trial court's memorandum of decision, in which waiver is neither referred to nor discussed. The trial court emphasized the long delay in the rendition of its judgment. In these circumstances, in the absence of a finding or request for a finding, we have no occasion to consider or discuss the claim of waiver.

ment within the appeal statute . . . ." See *State* v. *Fahey*, 147 Conn. 13, 15; *State* v. *Fahey*, 146 Conn. 55, 59; *Hoberman* v. *Lake of Isles, Inc.*, 138 Conn. 573, 576; cf. 1 Freeman, Judgments (5th Ed.) § 301; 1 Black, Judgments (2d Ed.) § 34. The action of the trial court in granting the motion vacating the judgment and ordering a new trial was interlocutory and not final. It was entered at a time when the trial court had control over, and the power to set aside, vacate or modify, its own judgments.[3] See *Sibley* v. *Middlefield*, 143 Conn. 100, 109; 49 C.J.S., Judgments, § 229; 4 Am. Jur. 2d, Appeal and Error, § 126. "The general rule is that when an order or judgment is vacated the previously existing status is restored and the situation is the same as though the order or judgment had never been made. The matters in controversy are left open for future determination. The action is not thereby discontinued or abated, but is subject to further proceedings in regular course." 1 Freeman, op. cit. § 302; see *Ostroski* v. *Ostroski*, supra, 510. "The order did not finally conclude any of the rights of the parties which were in litigation. It, therefore, is not a final judgment from which an appeal lies. This court is without jurisdiction and the appeal must be dismissed." *Hoberman* v. *Lake of Isles, Inc.*, supra, 577.

In this opinion DEARINGTON and WISE, Js., concurred.

---

[3] We point out that we are spared the necessity of construing the words "term" and "session"; see *Hurlbutt* v. *Hatheway*, 139 Conn. 258, 260, and cases cited; because, under § 51-258, it is provided: "There shall be no terms of the circuit court and the court shall be deemed continuously in session." See *State* v. *Florence*, 23 Conn. Sup. 176, 1 Conn. Cir. Ct. 161. "The effect of this statute was to render meaningless, insofar as the Circuit Court was concerned, the provisions of the statute requiring that trials 'be ended and judgment rendered therein before the close of the next term or session.'" Rubinow, "Circuit Court Civil Jurisdiction and Procedure," in Stephenson, Conn. Civil Proc. § 190e, p. 329, (Sup. 1966) (citing § 51-29).