P. J. INZERO PLUMBING AND HEATING, INC. *v.*
McKOSKEY ENTERPRISES, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 7-6711-10902

Argued May 6—decided September 27, 1968

*Sid M. Miller,* of Hamden, for the appellant (plaintiff).

*James K. Killelea,* of New Haven, for the appellee (defendant).

Per Curiam. This is an appeal by the plaintiff from the granting of the motion of the defendant to open the judgment upon default rendered against it. On January 5, 1968, a default was rendered against the defendant for failure to appear, and at the same time judgment on the default was rendered for the plaintiff in accordance with its affidavit of debt. Practice Book § 879. On February 13, 1968, the defendant's attorney entered his appearance and filed the motion to open the judgment. After hearing oral arguments, the court granted the motion on March 4, 1968.

In its brief and in oral argument before this court, the plaintiff concedes that the motion was filed within the four months' period, that it was properly verified, and that it set forth a defense. General Statutes § 52-212. It also concedes, as indeed it must, that action on the motion rests in the sound discretion of the court. It contends, however, that the court acted outside its discretion by entering the order because the motion failed to "particularly set forth the reason why the defendant failed to appear" and therefore the motion should have been denied "on its face," and that since the court lacked jurisdiction to grant the motion, the granting of it is appealable to this court.

Thus the question to be determined is whether the order granting the opening of the judgment is appealable as a final judgment or a final action of the Circuit Court. We hold it is not. In the determination whether a decision of a trial court is a final judgment, "[t]he test lies, not in the nature of the judgment, but in its effect as concluding the rights of some or all of the parties; if such rights are con-

cluded, so that further proceedings after the entry of the order or decree of the court cannot affect them, then the judgment is a final judgment from which an appeal lies." *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307; *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574. "The granting of a motion to open a judgment is an interlocutory ruling reviewable upon an appeal from the final judgment." *Ostroski* v. *Ostroski,* 135 Conn. 509, 511; *Hoberman* v. *Lake of Isles, Inc.,* supra, 575. What the court stated in *Alberino* v. *Criscuolo,* 3 Conn. Cir. Ct. 132, 134, is applicable to the instant case: "The opening of the judgment does not determine the substantive rights of the parties; it determines only that the parties retry or, as in this case, try the issues in order finally to adjudicate their claims and rights. The order did not conclude finally the rights of the parties which were in litigation and is therefore not a final judgment or action from which an appeal lies. After the retrial and upon judgment being rendered, the granting of the motion to open the judgment may be assigned as error."

The appeal is dismissed for lack of jurisdiction.

WISE, DEARINGTON and KINMONTH, Js., participated in this decision.