### State of Connecticut v. Leslie Phillips

House, C. J., Shapiro, Loiselle, MacDonald and Bogdanski, Js.

Argued May 8—decision released July 23, 1974

*Edward F. Pasiecznik,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellant (state).

*Boce W. Barlow, Jr.,* for the appellee (defendant).

Loiselle, J. The state of Connecticut appealed to the Appellate Division of the Circuit Court seeking review of a Circuit Court order which set aside an

earlier order for payment of support. The Appellate Division affirmed the action of the Circuit Court and remanded the case for a review of the administrative determination of responsibility for support. The state has now appealed from the decision of the Appellate Division of the Circuit Court.

The finding discloses the following facts: Margaret Cleveland was a recipient of public assistance from the state welfare department under its aid to dependent children program. Under § 17-90 of the General Statutes, the state welfare department notified the defendant of his liability for the support of his mother, Margaret Cleveland, in a letter and bill dated October 13, 1966. By verified petition for support dated January 17, 1967, the state sought to enforce its determination of liability against the defendant pursuant to §§ 17-90 and 17-324 of the General Statutes. On March 30, 1967, the court ordered the defendant to pay the state welfare department $91.30 monthly plus $1.00 weekly on an arrearage of $456.60. A motion for contempt and/or wage execution dated May 6, 1968, was served and returned to court but was not heard.

The present action arose on November 4, 1969, when the state, in an attempt to enforce the order of March 20, 1967, made a second motion for contempt and/or wage execution. In response, the defendant entered a motion to stay or revoke the 1967 order, alleging that the welfare commissioner should have sought support from Margaret Cleveland's husband. Attached to the motion was a copy of a divorce judgment entered June 10, 1969, in Hartford County. This document revealed that Margaret Cleveland married Freddie Lee Cleveland on June 18, 1958, and that Nona Cleveland, a child

of that marriage, was born on February 10, 1959. Margaret Cleveland's incapacity to support herself arose from the necessity of providing care for her child, Nona Cleveland. No information as to the cause of the incapacity of the defendant's mother to support herself or as to the relationship between the defendant's mother and Freddie Lee Cleveland had been presented to the court at the time of the order of March 30, 1967.

On the basis of the foregoing facts, the Circuit Court rendered a decision setting aside the order of March 30, 1967, and requiring that the order be "set down upon the claim of the parties." On December 10, 1970, the state appealed to the Appellate Division of the Circuit Court. That court affirmed the Circuit Court's order and the case was "remanded for the sole purpose of determining support responsibility in accordance with the provisions of Sec. 17-324, taking into consideration the existence of Freddie Lee Cleveland, the father of the dependent child." This court certified the case for review. *State* v. *Phillips,* 165 Conn. 788, 304 A.2d 41.

The threshold question which must be determined is whether this court has jurisdiction over the appeal. Although this point was not raised in argument, this court has a duty to reject, on its own motion, any appeal in which it lacks jurisdiction. *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574, 87 A.2d 137; *In re Application of Smith,* 133 Conn. 6, 8, 47 A.2d 521; see *Lewis* v. *Rosen,* 149 Conn. 734, 735, 181 A.2d 592; *Riley* v. *Board of Police Commissioners,* 145 Conn. 1, 5, 137 A.2d 759. The state's appeal to the Appellate Division of the Circuit Court was authorized at that time by § 51-265 of the General Statutes which permitted "[a]ppeals from

any final judgment or action of the circuit court . . . ." If the Appellate Division of the Circuit Court did not have jurisdiction over the appeal, this court also lacks jurisdiction and the action must be dismissed. Cf. *Sheridan* v. *Planning Board,* 159 Conn. 1, 10, 266 A.2d 396; *Crouchley* v. *Pambianchi,* 149 Conn. 512, 515, 182 A.2d 11; *In re Application of Smith,* supra.

Although the meaning of the phrase "final judgment or action" in § 51-265 has not been previously examined by this court, the language closely parallels that which appears in § 52-263. The latter statute allows appeals from the "final judgment" of the superior or common pleas courts. "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and *such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly."* (Emphasis supplied.) General Statutes § 1-1 (a); *Spellacy* v. *American Life Ins. Assn.,* 144 Conn. 346, 354, 131 A.2d 834; see *New Britain* v. *Kilbourne,* 109 Conn. 422, 427, 147 A. 124; cf. *Hurlbut* v. *Lemelin,* 155 Conn. 68, 74, 230 A.2d 36. While establishing different standards of finality under §§ 52-263 and 51-265 might not produce any direct conflicts, given the fact that these two statutes both govern appeals within the Connecticut judicial system, it is appropriate to look to the application of the term "final judgment" under § 52-263 in determining whether an appeal could be taken from the action of the Circuit Court in this case.

In the concluding paragraph of the memorandum of decision on the motion to set aside the order of

March 30, 1967, the Circuit Court stated: "Therefore the order is set aside and the matter is to be set down upon the claim of the parties." Setting aside or vacating a prior order renders the situation the same as though the order had never been made. 1 Freeman, Judgments (5th Ed.) § 302; 49 C.J.S., Judgments, § 306. In this case, where the court did not render a substitute order for the order which was set aside, the ruling of the court was similar to that of opening a judgment. As with setting aside a judgment, after a motion for opening a judgment is granted, the case stands as though no judgment was rendered. *Milford Trust Co.* v. *Greenberg,* 137 Conn. 277, 279, 77 A.2d 80; *Padaigis* v. *Kane,* 125 Conn. 727, 728, 4 A.2d 335; *Simpson* v. *Y.M.C.A. of Bridgeport,* 118 Conn. 414, 418, 172 A. 855; compare *William G. Major Construction Co.* v. *DeMichely,* 166 Conn. 368, 373–76, 349 A.2d 827.

"[T]he granting of a motion to open a judgment is not ordinarily a final judgment within the appeal statute . . . ." *Ostroski* v. *Ostroski,* 135 Conn. 509, 511, 66 A.2d 599; see *State* v. *Fahey,* 146 Conn. 55, 59, 147 A.2d 476; *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 576, 87 A.2d 137. As with opening a judgment, the action of the Circuit Court in setting aside the earlier order lacks the requisite finality to allow an appeal. No rights have been concluded, so that further proceedings of that court cannot affect them. See *Hoberman* v. *Lake of Isles, Inc.,* supra, 577; *State* v. *Kemp,* 124 Conn. 639, 643, 1 A.2d 761; compare *Banca Commerciale Ital. Tr. Co.* v. *Westchester Artistic Works,* 108 Conn. 304, 306, 142 A. 838. Under the ruling of that court, the matter was to be set down for new proceedings under § 17-324. Under § 17-90 of the General Statutes, liability for contributions to support originates

at the time of written notification of the state welfare department's determination to the liable relative, and "each such relative shall be liable in said amount from the date of such notice, unless and until such support responsibility shall be otherwise fixed by a court of competent jurisdiction." The liability of the defendant, arising as it did from the initial determination of the state welfare department, is unaffected.

The order of the court setting aside the order of March 30, 1967, was not a final judgment or action from which an appeal lies under § 51-265, and the Appellate Division of the Circuit Court lacked jurisdiction over the appeal.[1]

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal for lack of jurisdiction.

In this opinion the other judges concurred.

---

[1] It is worthy of note that the Appellate Division of the Circuit Court has taken a similar approach to cases of this nature. See *P. J. Inzero Plumbing & Heating, Inc.* v. *McKoskey Enterprises, Inc.,* 5 Conn. Cir. Ct. 207, 248 A.2d 793; *Wrang* v. *Spencer,* 4 Conn. Cir. Ct. 473, 235 A.2d 861; *Alberino* v. *Criscuolo,* 3 Conn. Cir. Ct. 132, 208 A.2d 761.