The trial court dismissed this paternity action for failure of the plaintiff to answer the call of the calendar and prosecute with reasonable diligence. See Practice Book 251, 351. Within four months thereafter, as allowed by Practice Book 326, the plaintiff filed a motion to open the judgment of dismissal[1] on the ground that her failure to answer the calendar call was the result of an unavoidable mistake. At the short calendar held on February 2, 1981, the motion was denied at the request of the defendant in the absence of the plaintiff. The plaintiff filed a motion to reargue within the time allowed by Practice Book 3007. Both parties attended when the motion was heard. The trial court ordered that the judgment of dismissal be opened. The defendant has appealed upon the ground that the failure of the plaintiff to pursue her motion, which was *Page 869 
timely filed, and obtain a decision upon it within the four-month period allowed precluded the court from opening the judgment thereafter.
We are compelled to dispose of this appeal upon a jurisdictional point not raised by either party. The jurisdiction of the Appellate Session of the Superior Court, which is wholly statutory, extends only to appeals from final judgments in the matters designated by General Statutes 51-197d. "[T]he granting of a motion to open a judgment is not ordinarily a final judgment within the appeal statute." Ostroski v. Ostroski, 135 Conn. 509,511, 66 A.2d 599 (1949); see State v. Phillips,166 Conn. 642, 646, 353 A.2d 706 (1974). After a motion to open a judgment has been granted, the issues remain undecided and "the case stands as though no judgment was rendered." State v. Phillips, supra; Milford Trust Co. v. Greenberg,137 Conn. 277, 279, 77 A.2d 80 (1950).
We conclude that the appeal must be dismissed because it has not been taken from a final judgment.
 The appeal is dismissed.
SHEA, DALY and COVELLO, Js., participated in this decision.