## Tamara Eva Sasso et al. *v.* William V. Aleshin
### (12577)

Peters, C. J., Shea, Dannehy, Santaniello and Callahan, Js.

Argued June 11—decision released July 30, 1985

*James M. Marinelli,* with whom were *David Sauer* and, on the brief, *James Kelly,* for the appellant (defendant).

*Clarine N. Riddle,* counsel to the attorney general, with whom were *Joseph X. Dumond, Jr.,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, and *Michael J. Belzer,* assistant attorney general, for the appellee (state).

Per Curiam. The plaintiffs in this action, Tamara Eva Sasso and the state of Connecticut,[1] brought this paternity action against the defendant, William V.

---

[1] The state's involvement is derived from requirements imposed on it by the federal government. See 42 U.S.C. § 602 (a) (26) (b). The mother of a child receiving public assistance is required to identify the child's father and, in the event that he does not acknowledge paternity, to bring an action

Aleshin, alleging that the defendant was the father of a child born to the named plaintiff, Sasso, on July 8, 1971. The state also sought reimbursement for $11,018.84 it had contributed as assistance to the plaintiff and her child during the period October 10, 1975 to July 15, 1981. The defendant asserted three special defenses to the plaintiffs' action, claiming: (1) that the action was barred by the statute of limitations contained in General Statutes § 46b-160; (2) that General Statutes § 46b-171, which he alleges requires a father to bear the entire "expense of lying-in and of support and maintenance of the child until the time of rendering judgment," denies him equal protection of the law in violation of the fourteenth amendment to the United States constitution; and (3) that General Statutes § 46b-171 denies him equal protection of the law in violation of article first, § 20, of the Connecticut constitution. The defendant also filed a motion to dismiss the case based on claims identical to the special defenses. The motion to dismiss was denied by the court, *N. O'Neill, J.,* on September 13, 1982. The defendant has appealed, claiming that the trial court erred in ruling against him on the three legal issues raised in the motion to dismiss. We dismiss the appeal without reaching the merits of these issues, because the denial of the motion to dismiss was not a final judgment.

The procedural history of this case is unusual. The first hearing was held on January 28, 1982, before the court, *Spada, J.* Although the court found the defendant to be the father of the child,[2] no order of support

against him. General Statutes §§ 17-82b, 46b-160, 46b-169. If the paternity action is successful and results in an order of support, the moneys so awarded are paid directly to the state because the mother of a child on public assistance must assign her rights of support to the state. General Statutes § 17-82b. See *DeMace* v. *Whittaker,* 196 Conn. 413, 414–15, 493 A.2d 219 (1985); *Lavertue* v. *Niman,* 196 Conn. 403, 406–407, 493 A.2d 213 (1985).

[2] The defendant took the witness stand, and upon the court's inquiry he admitted that he was the father of the named plaintiff's child.

was entered and the case was postponed for a hearing to determine the amount of the arrearage and to allow the defendant to assert his special defenses. On March 25, 1982, the court conducted a hearing on the amount of the arrearage and entered an order requiring the defendant to pay ten dollars weekly on the arrearage found of $11,018.84, plus attorney's fees and costs. Although this order appeared to be a final judgment, the court continued the case for a hearing on the defendant's motion to dismiss. On April 29, 1982, the parties filed what they entitled a "Stipulated Motion to Reopen Partial Judgment" so that the defendant's special defenses could be reached. The court, *N. O'Neill, J.,* opened the judgment as to the amount of the arrearage and the order of payments. The parties then stipulated that the amount of the debt owed to the state was $11,228.84 including attorney's fees and costs. The only issues left to be resolved, therefore, were those contained in the three special defenses that were also the grounds for the motion to dismiss. After a full hearing on the legal issues, the court denied the defendant's motion to dismiss and filed an accompanying memorandum of decision discussing the issues involved. No judgment, however, was ever rendered to correspond with the decision denying the motion to dismiss or with the new stipulation concerning the arrearage that the parties entered into following the opening of the earlier judgment. The defendant, nevertheless, appealed, claiming error in the trial court's rulings.

The threshold question that must be determined is whether this court has jurisdiction over the appeal. Although this issue was not raised by the parties, the court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. *L. G. DeFelice & Son, Inc.* v. *Wethersfield,* 167 Conn. 509, 511, 356 A.2d 144 (1975); *Hoberman* v. *Lake of Isles,*

*Inc.,* 138 Conn. 573, 574, 87 A.2d 137 (1952); *In re Application of Smith,* 133 Conn. 6, 8, 47 A.2d 521 (1946). In order properly to invoke our jurisdiction there must first be a final judgment, except in instances not pertinent here. General Statutes §§ 51-197a, 52-263; Practice Book § 3000; cf. *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 678 n.1, 485 A.2d 1272 (1984). It is undisputed that the denial of a motion to dismiss is not ordinarily a final judgment.[3] *State* v. *Malkowski,* 189 Conn. 101, 104, 454 A.2d 275 (1983); *Kioukis* v. *Kioukis,* 185 Conn. 249, 251 n.1, 440 A.2d 894 (1981); *Guerin* v. *Norton,* 167 Conn. 282, 283, 355 A.2d 255 (1974); *State* v. *Boucher,* 119 Conn. 436, 437, 177 A. 383 (1935); *State* v. *Harris,* 4 Conn. Cir. Ct. 534, 536, 236 A.2d 479 (1967); Maltbie, Conn. App. Proc. § 15.

The procedural confusion in this case may have led the parties to the erroneous conclusion that there was a final judgment. At the March 25, 1982 hearing, the court entered an order requiring the defendant to reimburse the state for support payments in an amount agreed upon for the child, but this order was subject to the determination of the issues raised by the motion to dismiss. The parties subsequently stipulated, however, to open that part of the judgment relating to the amount of the arrearage. After a motion for opening a judgment is granted, the case stands as though no judgment had ever been rendered. *State* v. *Phillips,* 166

[3] We note that we have entertained interlocutory appeals from denials of motions to dismiss based on double jeopardy claims. See *In re Juvenile Appeal (85-AB),* 195 Conn. 303, 308–309, 488 A.2d 778 (1985); *State* v. *Aillon,* 189 Conn. 416, 425, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983); *State* v. *Seravalli,* 189 Conn. 201, 206 n.6, 455 A.2d 852, cert. dismissed, 461 U.S. 920, 103 S. Ct. 2076, 77 L. Ed. 2d 291 (1983). That constitutional right not only protects against being twice punished but also "is a guarantee against being twice put to *trial* for the same offense." (Emphasis in original.) *Abney* v. *United States,* 431 U.S. 651, 661, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977). There is *no* similar constitutional or statutory right that would require us to extend the privilege of an interlocutory appeal to the case before us.

Conn. 642, 646, 353 A.2d 706 (1974); *Milford Trust Co.* v. *Greenberg,* 137 Conn. 277, 279, 77 A.2d 80 (1950); *Padaigis* v. *Kane,* 125 Conn. 727, 728, 4 A.2d 335 (1939); *State* v. *Carter,* 3 Conn. App. 235, 239, 486 A.2d 1138 (1985). Here, the partial judgment establishing the defendant as the father of the child remains in effect but the judgment as to the amount of arrearage is open as though no judgment was ever rendered. The defendant's rights are not concluded in this case because judgment was not entered against him with respect to the amount he was required to pay to the state. This situation is similar to that in which a judgment is entered as to liability only, without reference to damages. Such a judgment, interlocutory in character, is not an appealable final judgment. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 495 A.2d 1063 (1985); *Pinnix* v. *LaMorte,* 182 Conn. 342, 343, 438 A.2d 102 (1980); *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* 153 Conn. 118, 120, 214 A.2d 375 (1965).

Because the trial court's denial of the defendant's motion to dismiss is not a final judgment, the appeal is dismissed for lack of jurisdiction.

In this opinion the other judges concurred.