[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: JURISDICTION
On October 3, 1994, the plaintiffs, Laurel Hill Association (Association), William A. Beebe, and Thomas J. McGuire, commenced CT Page 1539 this appeal, pursuant to General Statutes § 22a-43(a),[1] by service of process on the Brookfield Inland Wetlands Commission (Commission) and the Town of Brookfield. On October 7, 1994, the plaintiffs served process on Fairfield Resources Management, Inc. (FRM) and Rock Acquisition Limited Partnership (RA). The plaintiffs also served process on the Commissioner of the Department of Environmental Protection (DEP commissioner) on October 13, 1994. The plaintiffs then filed the appeal, dated October 4, 1994, with the Superior Court.
The plaintiffs allege the following facts in their appeal. On or about March 24, 1994, FRM filed with the Commission an application for a permit to conduct regulated activities on land owned by RA. The Association, a group of neighboring property owners and their families, intervened in the proceedings, pursuant to General Statutes § 22a-19(a).[2] Subsequently, the Commission denied FRM's application, and ordered FRM to perform work on RA's land.[3] The Commission published notice of its decision in the Danbury News-Times newspaper on September 19, 1994.
At its September 12, 1994 meeting, where the Commission denied FRM's application for a permit to conduct regulated activities within and adjacent to wetland areas and watercourses via a notice of decision, and issued a cease, desist and restore order, the Commission also scheduled the General Statutes § 22a-44(a) required show cause hearing on the cease, desist and restore order for September 19, 1994. (Return of Record [ROR], Item 1: Application of Fairfield Resources Management, Inc. to the Town of Brookfield Inland Wetlands Commission dated March 24, 1994, with copy of the September 12, 1994 Notice of Decision of the Inland Wetlands Commission attached; ROR, Item 138: Minutes of the September 12, 1994 meeting of the Inland Wetlands Commission.) Although the Commission scheduled a show cause hearing for September 19, 1994, the hearing was continued to October 3, 1994, and then to October 11, 1994. (ROR, Item 139: Minutes of the September 19, 1994 meeting of the Inland Wetlands Commission; ROR, Item 140: Minutes of the October 3, 1994 meeting of the Inland Wetlands Commission.)
On January 6, 1995, the Commission filed its answer and the return of record. The DEP commissioner filed an answer on January 9, 1995.
On February 3, 1995, the plaintiffs filed their brief. In CT Page 1540 response, the Commission filed its brief on March 3, 1995. On March 29, 1995, FRM and RA filed a document entitled "Adoption of Brief" in which they adopt the Commission's brief in its entirety. The DEP commissioner filed his brief on April 7, 1995.
On September 5, 1995, the plaintiffs moved to consolidate this administrative appeal with Fairfield Resources v. BrookfieldZoning Commission, Superior Court, Judicial District of Danbury, Docket No. 318767. The court, Mihalakos, J., denied this motion on September 5, 1995. Subsequent to the court's decision, the Commission filed an objection to this motion to consolidate. On November 7, 1995, the court, Leheny, J., found this objection moot as the court, Mihalakos, J., previously had denied plaintiffs' motion to consolidate on September 5, 1995.
On October 2, 1995, the Commission filed a supplemental return of record. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993). Subject matter jurisdiction is a question of law that cannot be waived or conferred by consent of the parties. Mannweiler v. LaFlamme, 232 Conn. 27, 35,653 A.2d 168 (1995). If a court does not have jurisdiction to hear a matter it should dismiss the action "even on its own initiative . . . ." Sasso v. Aleshin, 197 Conn. 87, 89,495 A.2d 1066 (1985). "Proceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter." Farricielli v. Personnel Appeal Board,186 Conn. 198, 206, 440 A.2d 286 (1982).
In their brief, the plaintiffs state that they do not contest the Commission's denial of FRM's permit application. (Plaintiffs' Brief, p. 3.) Rather, the plaintiffs only appeal from the Commission's cease, desist and restore order, which accompanied the Commission's denial of FRM's permit application. (Plaintiffs' Brief, p. 3.)
Although the plaintiffs raise several arguments in their brief, the court does not need to address the merits of these arguments because the court lacks subject matter jurisdiction over this appeal. The court dismisses this administrative appeal regarding the Commission's cease, desist and restore order because the September 12, 1994 cease, desist and restore order, from which the plaintiffs appealed on October 4, 1994, was not an CT Page 1541 appealable final decision at the time the plaintiffs commenced their appeal, for the reasons set forth in Fairfield Resources v.Brookfield Wetlands Commission, Superior Court, Judicial District of Danbury, Docket No. 318653 (Leheny, J.) (decision to be released).
Accordingly, the appeal is dismissed.
Leheny, J.