[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This case involves a paternity suit brought against the defendant by the plaintiff. On January 3, 2000, Family Support Magistrate Alan Steele issued a decision finding that the defendant was the father of the plaintiff's child. In a petition dated January 13, 2000, the defendant appealed the magistrate's finding of paternity. Co-plaintiff, the State of Connecticut, now files a motion to dismiss this appeal on the ground that there is no final judgment from which the defendant may appeal as the present appeal is not yet ripe.
In Sasso v. Aleshin, 197 Conn. 87, 91, 495 A.2d 1066 (1985), the Supreme Court found that a judgment as to paternity is not an appealable final judgment as long as there remain any outstanding conclusions as to arrearage owed by the defendant. The Sasso
court likened the paternity finding without damages to a judgment that is entered as to liability only. "Such a judgment, interlocutory in character, is not an appealable final judgment."
Here, the decision of the magistrate clearly states that "having established paternity in this matter, [the court] hereby continues the case to establish support and medical orders." It CT Page 2261 appears that though paternity has been established with finality, the paternity action, in accordance with Sasso, is not yet an appealable final judgment. See Irizarry v. Rivera, Superior Court, judicial district of Windham at Putnam, Docket No. 040194 (May 14, 1998, Booth, J.) ("[a] court must enter a support order either for current or past support to properly conclude a paternity action"); see also Bretremps v. Strona, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 620924 (January 24, 1997, Rubinow, J.).
The defendant's appeal from the paternity suit is not yet ripe. Though the Sasso case involved additional procedural steps (in that case, there was a motion to reopen the judgment as to arrearage), the basic holding in that case is applicable to the present matter.
The motion to dismiss the defendant's appeal is granted.
The Court
By Grogins, J.