HORACE D. BURDICK *v.* UNITED STATES FINISHING COMPANY ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 7—decided November 7, 1941.

*G. Randolph Erskine*, for the plaintiff.

*Edward S. Pomeranz*, for the defendants.

MALTBIE, C. J. In this workmen's compensation case the commissioner made an award in favor of the defendants. The plaintiff made a motion to correct the finding and, it being denied, appealed to the Superior Court. The court, in its memorandum of

decision, directed that the case be returned to the commissioner to correct the finding so that it would state facts instead of the contentions of the parties, to hear further evidence as to the cause of the pneumonia which incapacitated the plaintiff and further to correct the finding so that it would reveal whether that incapacity was due to a localized injury contemporaneously caused by the conditions of his employment or to a mere weakened resistance to disease, with an award to be entered upon the finding as corrected. A judgment was entered in accordance with the memorandum of decision. The defendants filed an appeal to this court from the decision of the lower court and the plaintiff has moved to erase it upon the ground that the judgment was not a final one from which an appeal would lie.

The defendants rely on *Santos* v. *Publix Theatres Corporation,* 108 Conn. 159, 142 Atl. 745. In that case, as appears on page 160, the trial court had rendered judgment remanding the case to the commissioner for an award to the plaintiffs in accordance with the finding as corrected by it. On the return of the case to the commissioner, the defendants filed a motion that the award be opened and they be allowed to produce additional evidence. The commissioner denied the motion and made an award to the plaintiff in accordance with the finding as corrected by the Superior Court. The defendants then filed an appeal to the Superior Court from this award and the appeal was erased from the docket. We held that the erasure of the appeal was correct because the award as made was strictly in compliance with the direction of the Superior Court, the commissioner could enter no other award and the rights of the parties had been concluded by the first judgment of the Superior Court. A judgment remanding a case to the commissioner

with directions to make a certain award fixes the rights of the parties, and is a final judgment from which an appeal can be taken. In the course of the opinion it is said (p. 161) that an examination of the compensation cases discloses the unquestioned practice that a judgment of the Superior Court "either dismissing the appeal and affirming the commissioner's award, or sustaining the appeal and remanding the cause to the commissioner for an award or other further proceedings in accordance with directions" is a judgment from which an appeal to this court may be taken. The "further proceedings in accordance with directions" referred to were not intended to include an appeal from a judgment remanding the case to the commissioner to correct his finding or the like and make a new award. A considerable number of cases are cited to support the statement in the opinion, but none of them involve such a situation. In *Gonirenki* v. *American Steel & Wire Co.*, 106 Conn. 1, 137 Atl. 26, the commissioner denied a motion to open and modify an award made in favor of the plaintiff and the defendant appealed to the Superior Court. The plaintiff pleaded in abatement to the appeal; the defendant filed a demurrer to the plea, which was sustained; and the plaintiff also filed a motion to erase, which was denied. The trial court sustained the appeal and remanded the case to the commissioner for further proceedings, and from that judgment the plaintiff appealed. It appears in the opinion that the rulings on the demurrer to the plea and on the motion to erase were held not to be properly before the court; the only ground of error pursued was as to the power of the commissioner, under the circumstances, to open the award; and whether an appeal would lie in such a case was not considered. In *Glodenis* v. *American Brass Co.*, 118 Conn. 29, 170 Atl. 146, we entertained an

appeal from a judgment of the Superior Court remanding the case to the commissioner to hear further evidence and make a further finding, but no objection was made to the validity of the appeal.

The plaintiff relies on *France* v. *Munson*, 123 Conn. 102, 192 Atl. 706. In that case, after various proceedings the matter finally came down to an "order—not a judgment—" in which the trial court remanded the case to the commissioner for a further finding in regard to the number of persons employed by the defendant. The plaintiff filed an appeal and the defendant pleaded to the jurisdiction and moved to erase the appeal, the principal ground being that there was no judgment from which an appeal would lie. We erased the appeal. In the opinion we pointed out that in such a situation it was proper to enter a judgment sustaining the appeal with an appropriate direction for further proceedings by the commissioner, but if the commissioner had merely failed to take some step requisite properly to present the issue, a motion should be made to the court that he be ordered to do what was necessary; that the proceedings in the case were such as should have eventuated in a judgment; but that the court did not take this course, and in fact rendered no judgment; that therefore no appeal lay; and that if the court committed error in making the order that it did, this could only be presented upon an appeal from the final judgment rendered in the action.

The case most in point upon the question before us is *Luliewicz* v. *Eastern Malleable Iron Co.*, 126 Conn. 522, 12 Atl. (2d) 779. In that case the commissioner, upon the ground of newly discovered evidence, opened an award denying compensation. The defendant appealed to the Superior Court on the

ground that the commissioner lacked power to do so. The court overruled this contention and remanded the case for appropriate action by the commissioner. The defendant appealed to this court. We said (p. 524): "By its judgment the case was remanded to the acting commissioner for the determination, upon the merits, of the defendant's motion to correct the supplemental finding and award, and to complete the record by incorporating the evidence upon which the opening of the award was predicated. As is indicated by the court's memorandum of decision, whether the commissioner erred in his ruling could not be determined until the record was so corrected. By its terms therefore the judgment is at most but an interlocutory ruling." A quotation is then made from *State* v. *Kemp*, 124 Conn. 639, 643, 1 Atl. (2d) 761, defining such rulings as "those made in the course of the proceeding, the object of which is to bring the parties to, and present to the court for determination, the ultimate issues which determine the right of a party to the relief he claims, but which neither terminate the action nor determine those issues in such a manner as to put it beyond the power of the court to alter its decision except as it may reopen the judgment it has rendered." The appeal was erased. This decision is controlling in the situation before us.

The judgment of the Superior Court did not finally determine the issues against the defendants but upon further proceedings before the commissioner they might still prevail. To paraphrase what we said in *Martin* v. *Sherwood*, 74 Conn. 202, 203, 50 Atl. 564, with reference to a decision overruling a demurrer: The judgment of the court in this case remanding the case to the commissioner might furnish the foundation for a judgment against the defendants, but they were

still in court and the case against them still open, and judgment might still be rendered in their favor.

The motion to erase is granted.

In this opinion the other judges concurred.