EASTERN CONNECTICUT CABLE TELEVISION, INC. *v.* DEPARTMENT OF PUBLIC UTILITY CONTROL ET AL.
(13854)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued February 28—decision released April 24, 1990

*Robert P. Knickerbocker, Jr.,* with whom, on the brief, was *Barry G. Russell,* for the appellant (plaintiff).

*Tatiana D. Sypko,* assistant attorney general, with whom were *Robert S. Golden, Jr.,* assistant attorney general, and, on the brief, *Clarine Nardi Riddle,* attorney .general, for the appellee (named defendant).

*Valerie J. Bryan,* for the appellee (defendant office of consumer counsel).

*Richard K. Greenberg,* assistant attorney general, and *Clarine Nardi Riddle,* attorney general, filed a brief for the commissioner of revenue services as amicus curiae.

PETERS, C. J. In order to finance the expenses of the department of public utility control and the office of consumer counsel, General Statutes § 16-49 (b)[1] autho-

---

[1] General Statutes § 16-49 (b) currently provides in relevant part: "For each fiscal year, each public service company . . . shall pay the department of public utility control its share of all expenses of the department and the office of consumer counsel for the same fiscal year. On or before

rizes an assessment of cable television companies based on their taxable gross revenues. The plaintiff, Eastern Connecticut Cable Television, Inc., initiated administrative proceedings objecting to the manner in which the named defendant calculated the gross revenues on which its assessments were based.[2] The defendant issued a decision refusing to rule on the merits of the plaintiff's objection. The plaintiff's subsequent administrative appeal to the trial court was dismissed on the ground that the defendant's decision was not a final judgment. The plaintiff appealed to the Appellate Court and we transferred the appeal here pursuant to Practice Book § 4023. We find error.

The following facts underlie the defendant's administrative ruling. The plaintiff, as a community antenna television company within the meaning of General Statutes § 16-1 (14),[3] is subject to assessments pursuant to § 16-49 (b). In calculating the gross revenues that are

September first of each fiscal year the department shall give to each public service company . . . a statement which shall include: (1) [the amount of the estimated expenses of the department and the office of consumer counsel]; (2) the total gross revenues of all public service companies . . . for the preceding calendar year which are taxable under chapters 210a, 211 or 212 and 212a; and (3) the proposed assessment against the company for the fiscal year beginning July first of the same year. Such assessment shall be calculated by multiplying the company's . . . percentage share of the total gross revenues specified in subdivision (2) of this subsection by the total amount compiled under subdivision (1) of this subsection. . . ."

The statute was amended several times during the years for which the plaintiff challenges its assessments, but none of the amendments is relevant to the issue in this appeal.

[2] The office of consumer counsel was permitted to intervene as a party defendant at the administrative level and was a codefendant at trial as well as at this appeal. For the sake of convenience we will nonetheless refer to the department of public utility control as the defendant, since it rendered the decision that is at issue in this case.

[3] General Statutes § 16-1 (4) defines a "public service company" as including "community antenna television companies." General Statutes § 16-1 (14) defines "community antenna television compan[ies]" as including "every corporation, company, association, joint stock association, partnership or

the basis for the plaintiff's assessments, the defendant has included the revenues generated by a separate corporation, Home Theater, T.V., Inc. (Home Theater), as well as those generated by the plaintiff itself. The plaintiff provides basic cable services for its customers, while Home Theater leases cable channels from the plaintiff in order to provide premium services for cable viewers. Like the defendant, the department of revenue services has calculated the plaintiff's gross revenues by treating the plaintiff and Home Theater as a single entity. The plaintiff filed a tax appeal challenging the department of revenue services' assessment, and subsequently initiated the present administrative proceeding for review of the propriety of the assessments imposed by the defendant pursuant to § 16-49 (b).

In its challenge to the assessments under § 16-49 (b), the plaintiff claimed that inclusion of the gross revenues of Home Theater made its assessments excessive, erroneous and unlawful. It asked the defendant to find that Home Theater is an independent entity, separate and distinct from the plaintiff, and that it is not a "public service company" under § 16-1 (4). The plaintiff further requested the defendant, as the agency responsible for the administration of § 16-49 (b), to rule that the plaintiff's relationship with Home Theater did not warrant assessing these two corporations as a single entity, despite the fact that the relationship was also an issue in the as yet unresolved tax appeal. At no time was Home Theater notified of, represented in, or made a party to, these proceedings. Subsequent to the hearing concerning the validity of the plaintiff's assessment,

person, or lessee thereof, owning, leasing, maintaining, operating, managing or controlling a community antenna television system, in, under or over any public street or highway, for the purpose of providing community antenna television service for hire."

in accordance with a stipulation to which it had agreed at the hearing, the plaintiff paid the contested charges in full, under protest.

In its decision, the defendant declined to rule on the merits of the plaintiff's claims. First, the defendant declared that it would not rule "at this time" on the proper definition of "gross revenues" because the department of revenue services "is the primary agency responsible for the assessment and collection of the tax on the gross revenues of a CATV system . . . [and] has not yet issued a ruling on the tax appeal filed by [the plaintiff]." Second, the defendant held that Home Theater was a necessary party in whose absence the defendant was "incapable of addressing the rulings sought [by the plaintiff]." The defendant·denominated these conclusions as its "decision" in Docket No. 87-09-21 and terminated the proceedings without retaining jurisdiction or ordering any form of remand.

The plaintiff filed a timely administrative appeal from this decision. It maintained that it was entitled to a ruling on the merits from the defendant and that Home Theater was not a necessary party to such a ruling. The trial court, however, dismissed the appeal for lack of subject matter jurisdiction after concluding that the decision rendered by the defendant was not a final decision. The plaintiff has appealed the dismissal of its administrative appeal.

The question of whether an administrative decision is a final judgment has never been an easy one to resolve. Most of our cases have arisen in the context of administrative rulings that, while resolving some issues, have left other matters as yet undetermined. In these cases, the dispositive question is whether the interlocutory order "so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983);

*Schieffelin & Co.* v. *Department of Liquor Control,* 202 Conn. 405, 409–10, 521 A.2d 566 (1987). Sometimes the administrative agency has itself retained jurisdiction pending the outcome of a remand; *Szudora* v. *Fairfield,* 214 Conn. 552, 555, 573 A.2d 1 (1990); *Matey* v. *Estate of Dember,* 210 Conn. 626, 629–30, 556 A.2d 599 (1989); *Connecticut Bank & Trust Co.* v. *Commission on Human Rights & Opportunities,* 202 Conn. 150, 156–57, 520 A.2d 186 (1987); while at other times the trial court has issued an interlocutory ruling remanding the case for further administrative action. *Schieffelin & Co.* v. *Department of Liquor Control,* supra, 410; *Burdick* v. *United States Finishing Co.,* 128 Conn. 284, 288–89, 22 A.2d 629 (1941). These cases stand for the proposition that there is no final judgment if the administrative record is incomplete because a remand requires further evidentiary determinations that are not merely ministerial. See C. Tait, Connecticut Appellate Practice and Procedure (1989) § 2.23 (a), pp. 89–92.

This case is different because the defendant has reached an administrative decision, without retaining jurisdiction for further administrative proceedings, that puts the plaintiff "out of court" without any substantive disposition of any aspect of the merits of its challenge to the § 16-49 (b) assessments. Although the plaintiff presumably may reinitiate an administrative proceeding at some time in the future when its disagreement with the department of revenue services is resolved, it may continue to be confronted with the defendant's conclusion that Home Theater is a necessary party.[4] Moreover, the plaintiff is presently at risk of paying overassessments; at oral argument, the defendant did not contest the plaintiff's assertion that any future return of overpayments would not allow recoupment of interest for the interim.

[4] A dismissal for failure to join a necessary party is an appealable final judgment. *Biro* v. *Hill,* 214 Conn. 1, 2, 570 A.2d 182 (1990).

These legal and economic factors demonstrate that the plaintiff is aggrieved because it faces the risk of irreparable harm from the indefinite deferral of its administrative grievance. Cf. *Abney* v. *United States,* 431 U.S. 651, 658–59, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977); *Zoning Board of Appeals* v. *Freedom of Information Commission,* 198 Conn. 498, 501, 503 A.2d 1161 (1986). In form and in reality, the defendant's decision falls within the alternate branch of *State* v. *Curcio,* supra, 31, which permits the immediate appeal of an interlocutory ruling "where the order or action terminates a separate and distinct proceeding . . . . " See, e.g., *Wardell* v. *Killingly,* 96 Conn. 718, 722, 115 A. 539 (1921) (denial of mandamus is a final judgment). As we held in *New Haven* v. *New Haven Police Union Local 530,* 210 Conn. 597, 606, 557 A.2d 506 (1989), "[s]o long as the agency intends to render a final decision and the person taking the appeal is aggrieved by the decision rendered, the fact that other related issues are reserved for later adjudication does not necessarily detract from its finality." We conclude, therefore, that the defendant's decision not to afford the plaintiff any administrative relief at this time is a final judgment. See *Port of Boston Marine Terminal Assn.* v. *Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S. Ct. 203, 27 L. Ed. 2d 203 (1970); *Sierra Club* v. *Thomas,* 828 F.2d 783, 793 (D.C. Cir. 1987); *Laborer's International Union of North America, Local 1280* v. *State Labor Relations Board,* 154 Ill. App. 3d 1045, 1053–54, 507 N.E.2d 1200 (1987); *Human Rights Party* v. *Michigan Corrections Commission,* 76 Mich. App. 204, 209–10, 256 N.W.2d 439 (1977); *State Board of Medical Examiners* v. *Weiner,* 67 N.J. Super. 199, 204–205, 170 A.2d 467 (1961); *Bock* v. *State Board of Pilotage Commissioners,* 91 Wash. 2d 94, 97–99, 586 P.2d 1173 (1978).

Our conclusion that the trial court had subject matter jurisdiction to hear the plaintiff's appeal requires

a remand for a judicial inquiry into the merits of the appeal. The plaintiff is entitled to a plenary administrative review, at the trial level, of the various grounds upon which the defendant refused its request for recalculation of its § 16-49 (b) assessment.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.