[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS (CASE NO. 91856 — DOCUMENT NO. 133)
In the above motion the defendant Commission has moved to dismiss the appeal on two grounds: (1) that the appeal was served late and (2) that it is premature.
This court (Vasington, J.) has previously denied similar motions filed by the defendant on the grounds that the defendant Commission had bifurcated the hearing and decision process, and therefore retaining the appeal from the liability phase worked no prejudice on the defendants.
Nevertheless, since the above motion involves subject matter jurisdiction, this Court must take cognizance thereof, despite the earlier rulings. See Blake v. Baldwin Piano Organ Company, 186 Conn. 295, 297. In such matters the court is not necessarily bound by prior rulings, Santoro v. Kleinberger, 115 Conn. 631, 638. The Court is also aware of the conflict of judgments in policy matters between jurisdictional claims and the finality. See Daley v. Hartford,215 Conn. 14. CT Page 1960
In Eastern Connecticut Cable Television, Inc. v. DPUC, 214 Conn. 609, the Supreme Court makes the observation, at p. 613, "The question of whether an administrative decision is a final judgment has never been an easy one to resolve." Thereafter, the Court cites a number of cases, including Connecticut Bank Trust Company v. CHRO, 202 Conn. 150 at 156-57, noting, "These cases stand for the proposition that there is no final judgment if the administrative record is incomplete because a remand requires further evidentiary determinations that are not ministerial." p. 614. Compare Santos v. Public Theatres Corp., 108 Conn. 159, where the further proceedings were determined to be ministerial.
In the second appeal (Case No. 93958) the plaintiff alleges, inter alia, that the decision appealed from, i.e. the disposition phase constituted an abuse of discretion. The clear implication is that the disposition phase called for an exercise of discretion. Accordingly, the decision in Case No. 91856 was not a final decision. This requires the Court to dismiss the case.
However, in view of the apparent reliance of the plaintiff on the previous rulings on jurisdiction that the subject matter of Case No. 91856 be heard either separately or by consolidation, it would be unfair and a denial of due process to thus deny the plaintiff of its right to have a review of the adjudicatory phase. Therefore, in Case No. 93598, leave is granted to the plaintiff to amend its appeal within thirty (30) days so as to provide the reviewing court with the entire record of the defendant Commission in this matter, both as to liability and disposition.
In summary, the defendant Commission's motion is granted in Case No. 91856 and the case is dismissed. In Case No. 93598 leave is granted to the plaintiff to amend its appeal within thirty days hereof, so as to provide for a review of the entire proceedings before the Commission in its Docket No. 88-230. It is further ordered that the record returned in Case No. 93598 be amended so as to include all of the proceedings since the inception of the administrative matter appealed from.
Burns, J.