[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The facts and procedural history of this appeal are set forth in full in Eastern Connecticut Cable Television, Inc. v. DPUC, 214 Conn. 609 (1990). This is an appeal from a decision of the DPUC by Eastern Connecticut Cable Television, Inc. (Eastern). On September 1, 1987, the DPUC assessed Eastern pursuant to Conn. Gen. Stats. 16-49 (b), which provides in pertinent part:
 For each fiscal year, each public service company . . . shall pay the department of public utility control its share of all expenses of the department and the office CT Page 3444 of consumer counsel for the same fiscal year. On or before September first of each fiscal year the department shall give to each public service company . . . a statement which shall include: (1) [the amount of the estimated expenses of the department and the office of consumer counsel]; (2) the total gross revenues of all public service companies . . . for the preceding calendar year which are taxable under chapters 210a, 211 or 212 and 212a; and (3) the proposed assessment against the company for the fiscal year beginning July first of the same year. Such assessment shall be calculated by multiplying the company's . . . percentage share of the total gross revenues specified in subdivision (2) of this subsection by the total amount compiled under subdivision (1) of this subsection . . ."
See Eastern Connecticut Cable, 214 Conn. at 610-12 n. 1-3
(citing and discussing 16-49 (b)).
 Eastern objected to this assessment, arguing that, the assessment is based upon revenues not only of Eastern, but also revenues received for premium cable services furnished by Home Theater T.V., Inc., which is not a "public service company" defined by Conn. Gen. Stats. 16-49 (a) to which the assessment applies.
See Record Item I 1, p. 1, Eastern's Application.
Eastern argues that "Home Theater Network is a separate and distinct corporation from Eastern" which "leases channels from Eastern for the independent distribution and sale of premium cable television service." Petition, para. 6 and 7.
Pursuant to Conn. Gen. Stats. 16-49 (d) [now subsection (e)], public hearings on plaintiff's objection were held from January 27, 1988 until May 4, 1988. See Record Item II 1, Notice of Hearing, dated December 4, 1987. Conn. Gen. Stats.16-49 (d) provided:
 Any public service company or any certified competitive telecommunications provider may object to a proposed or recalculated assessment made after CT Page 3445 June 30, 1982, by filing with the department, not later than September fifteenth of the year of the assessment, a petition stating the amount of the proposed or recalculated assessment to which it objects and the grounds upon which it claims such assessment is excessive, erroneous, unlawful or invalid. Upon the request of the company or the telecommunications provider filing the petition, the department shall hold a hearing. After reviewing the company's petition and testimony, if any, the department shall issue its order in accordance with its findings. The company or the telecommunications provider shall pay the department the amount indicated in the order not later than thirty days after the date of the order.
(Presently codified at Conn. Gen. Stats. 16-49 (e), see P.A. 90-148).
On June 22, 1988, the DPUC rendered a "decision" declining to rule on the merits of plaintiff's claims:
 First, the defendant declared that it would not rule "at this time" on the proper definition of "gross revenues" because the department of revenue services "is the primary agency responsible for the assessment and collection of the tax on the gross revenues of a CATV system . . . and] has not yet issued a ruling on the tax appeal filed by [the plaintiff]." Second, the defendant held that Home Theater was a necessary party in whose absence the defendant was "incapable of addressing the rulings sought [by the plaintiff]." The defendant denominated these conclusions as its "decision" in Docket No. 87-09-21 and terminated the proceedings without retaining jurisdiction or ordering any form of remand.
Eastern Connecticut Cable, 214 Conn. at 613.
Eastern than appealed the DPUC's decision to the CT Page 3446 Superior Court and on May 3, 1989, the court (Langenbach, J.) dismissed the appeal, ruling that the DPUC's decision of June 22, 1988 was not final and that "[t]his court does not have jurisdiction of an appeal from a decision which is not final." Memorandum of Decision #110, p. 4.
Eastern then appealed to the Appellate Court on May 9, 1989, and on December 14, 1989 the matter was transferred to the Supreme Court pursuant to Conn. Practice Bk. 4012. The Supreme Court found error and the judgment was set aside and the case remanded. Eastern Connecticut Cable,214 Conn. at 616. On October 30, 1990, the Superior Court heard oral argument.
The court has subject matter jurisdiction, as the Connecticut Supreme Court has found that the appeal was timely; Id. at 613; that the plaintiff is aggrieved; Id. at 615; and that the DPUC's decision is a final judgment; Id. The Supreme Court stated: "Our conclusion that the trial court had subject matter jurisdiction to hear plaintiff's appeal requires a remand for a judicial inquiry into the merits of the appeal." Id. at 615-616. "The plaintiff is entitled to a plenary administrative review, at the trial level, of the various grounds upon which the defendant refused its request for recalculation of its 16-49 (b) assessment. Id. at 616.
Scope of Review
Judicial review of an agency's action is governed by the Uniform Administration Procedure Act (General Statutes, c. 54 4-166 through 4-189) and is very restricted. New Haven v. Freedom of Information Commission, 205 Conn. 767, 773
(1988); Conn. Gen. Stats. 16-35 (rev'd to 1989).
Conn. Gen. Stats. 14-183 (9) provides in relevant part:
 [T]he court may reverse or modify the [DPUC's] decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized CT Page 3447 by abuse of discretion or a clearly unwarranted exercise of discretion.
The trial court may not retry the case or substitute its judgment for that of the agency. State Medical Society v. Board of Examiners in Podiatry, 208 Conn. 709, 717 (1988). The plaintiff has the burden of proving the existence of any abuse. Connecticut Television v. Public Utilities Commission,159 Conn. 317, 328 (1970).
 A. Whether the DPUC acted properly in declining to rule on the merits of plaintiff's claims, namely, on the proper definition of "gross revenues," on grounds that the department of revenue services is the primary agency responsible for the assessment and collection of tax on the gross revenues of a CATV system . . . [and] has not yet issued a ruling on the tax appeal filed by [the plaintiff]."
The DPUC declined to rule on the merits of Eastern's claims while Eastern's tax appeal regarding gross revenues was pending with the Department of Revenue Services. The implication of this ruling is that the DPUC is required to accept gross revenue figures from the DRS. However, Conn. Gen. Stats. 16-49 (b) does not obligate the DPUC to defer to the DRS, but it directs the DPUC to assess expenses based on "total gross revenues of all public service companies . . . which are taxable under chapters 210a, 211 or 212 and 212a . . . ." In the interpretation of statutes, the intent of the legislature is found not in what it meant to say but in what it did say. Federal Aviation Administration v. Administrator, 196 Conn. 546,549 (1985). If the legislature had intended for the DPUC to use only DRS calculations of gross revenues it would have so stated. Therefore, Conn. Gen. Stats. 16-49 (b) did not obligate the DPUC to decline to rule on the merits of Eastern's appeal during the pendency of the tax appeal. "[T]he construction of a statute on an issue that has not previously been subjected to judicial scrutiny is a question of law on which an administrative ruling is not entitled to special deference." Schlumberger Technology Corporation v. Dubno,202 Conn. 412, 423 (1987).
The defendant argues that the DPUC properly declined to rule on the merits of the plaintiff's claim while the tax appeal was pending based on the doctrine of "prior pending action." When two separate lawsuits are "virtually alike", the second action is amenable to dismissal. Henry F. Raab Connecticut, Inc. v. W. Fisher, Co., 183 Conn. 108, 112 (1981); Halpern v. Board of Education, 196 Conn. 647, 652-53 (1985). CT Page 3448 However, courts have consistently held that to invoke the "prior pending action" doctrine the lawsuits must be between the same parties. Id. at 652. Neither the DPUC nor the Office of Consumer Control are parties to Eastern's tax appeal; and the DRS is not a party to the present action. Because these two actions involved different parties, the DPUC could not properly invoke the "prior pending action" doctrine as a rationale for declining to rule on the merits of Eastern's claim.
The DPUC acted improperly when it refused to rule on the merits of Eastern's appeal because the tax appeal was pending.
 B. Whether the DPUC acted properly in refusing to rule on the merits of plaintiff's claim on the grounds that Home Theater Network was a necessary party.
Article 2 of the DPUC regulations provides that:
 In issuing the notice of hearing the commissioners will name as parties those persons whose legal rights, duties, or privileges are being determined in the contested case and any person whose participation as a party is necessary to the proper disposition of such proceeding.
Conn. Dept. Reg. 16-1-16.
This regulation applies to "contested cases," which are cases where (1) ". . . a legal, right, duty, or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held." Herman v. Division of Special Revenue, 193 Conn. 379, 382 (1984). Docket No. 89-09-21 was a "contested case" because Eastern's legal duty to pay assessments under section 16-49 (b) was at issue, which the DPUC was required to determine under section 16-49, and Conn. Gen. Stats. 16-49 (d) provided that, "upon the request of the company . . . filing the petition, the department shall hold a hearing."
Because 87-09-21 was subject to Conn. Dept. Reg. 16-1-16, if Home Theater Network was truly a necessary party, then the DPUC should have made Home Theater Network a party on its own motion, pursuant to this section. Therefore, the DPUC should not have refused to hear the merits of Eastern's claims on this ground. CT Page 3449
Therefore, the DPUC acted arbitrarily, illegally and in abuse of its discretion in refusing to hear the merits of plaintiff's claims and that this appeal must be and hereby is sustained.
Joseph B. Clark, J.