## PATRICIA LEVARGE *v.* GENERAL DYNAMICS CORPORATION, ELECTRIC BOAT DIVISION, ET AL.
### (SC 17659)

Borden, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued November 30, 2006—officially released May 15, 2007

*Lucas D. Strunk,* for the appellants (defendants).

*Peter D. Quay,* for the appellant (named defendant).

*Amy M. Stone,* with whom was *Richard L. Gross,* for the appellee (plaintiff).

*Opinion*

ZARELLA, J. The determinative issue in this appeal is whether the decision of the compensation review board (board), which affirmed the decision of the workers' compensation commissioner that the defendants were collaterally estopped from relitigating the issue of causation, constitutes a final judgment or an otherwise appealable interlocutory order, thereby implicating our subject matter jurisdiction.[1] We conclude that the board's decision does not constitute a final judgment or an appealable interlocutory order, and, therefore, this court lacks subject matter jurisdiction to review the merits of the claims of the named defendant, General Dynamics Corporation, Electric Boat Division (Electric

---

[1] In *Lafayette* v. *General Dynamics Corp.,* 255 Conn. 762, 763–64 n.1, 770 A.2d 1 (2001), this court held that, even when a workers' compensation proceeding would require the presentation of additional evidence and the exercise of independent judgment, the *denial* of a claim under the doctrine of collateral estoppel always is "ripe for immediate appellate review" because it invokes "the right not to have to go to trial on the merits." (Internal quotation marks omitted.) Although *Lafayette* is factually similar to the present case, the right to avoid a trial on the merits is not implicated in the present case because we are asked to review a claim under the doctrine of collateral estoppel that had been *accepted* by the board. Consequently, there is no risk that a dismissal of this appeal will lead to a trial on the merits of an issue that subsequently may be precluded after a final judgment is rendered.

Boat), and its workers' compensation insurance carriers, the defendants ACE USA (ACE) and St. Paul Travelers, Inc. (Travelers).

The following facts are relevant to our resolution of this case. The plaintiff, Patricia Levarge, is the dependent widow of Richard Levarge (Levarge). Levarge was employed by Electric Boat from 1956 through 1992, and, at various times during that employment, he was exposed to asbestos dust and debris. In 1991, Levarge had a cancerous polyp removed from his left vocal cord and was diagnosed with squamous cell carcinoma. Hospital records revealed that, in addition to asbestos exposure, Levarge had smoked approximately one and one-half packs of cigarettes per day for thirty years, regularly consumed alcohol and had a family history of laryngeal cancer. As a result of the diagnosis, Levarge underwent radiation therapy that initially was successful. Several months later, however, the carcinoma reappeared and spread to his lungs. Levarge stopped working at Electric Boat in November, 1992, and, on April 7, 1993, he died of respiratory arrest secondary to metastatic laryngeal cancer.

Pursuant to the federal Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (Longshore Act), the plaintiff brought an action before the United States Department of Labor, claiming that Levarge's exposure to asbestos while employed at Electric Boat constituted a work-related injury and that she therefore was entitled to receive benefits under the Longshore Act. On February 3, 1995, an administrative law judge with the United States Department of Labor agreed and awarded the plaintiff benefits under the Longshore Act. The judge found that Electric Boat, in its capacity as a self-insured entity, was responsible for paying those benefits. The decision did not apportion liability among the successive insurers in the case because the Longshore Act holds the last employer that

exposed the employee to injury responsible for compensation.

Eight years after the award of benefits under the Longshore Act, the plaintiff pursued survivor benefits under the state Workers' Compensation Act, General Statutes § 31-275 et seq. On October 29, 2004, the workers' compensation commissioner for the eighth district (commissioner), in response to a motion filed by the plaintiff, determined that Electric Boat was collaterally estopped from relitigating the issue of causation before him because that issue had been decided in the federal proceeding. In addition, the commissioner determined that ACE and Travelers also were collaterally estopped from relitigating the issue of causation because they were in "privity" with Electric Boat as its workers' compensation insurance carriers. Thereafter, ACE appealed to the board, which affirmed the commissioner's decision. On December 19, 2005, Electric Boat, ACE and Travelers appealed to the Appellate Court pursuant to General Statutes § 31-301b. We subsequently transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

ACE and Travelers claim that the board incorrectly concluded that they were collaterally estopped from litigating the issue of causation. First, they claim that the test for causation under the federal Longshore Act is different from the test for causation under the state Workers' Compensation Act. Specifically, ACE and Travelers claim that, under state law, the plaintiff must prove that workplace exposure to asbestos was a *substantial* factor in causing Levarge's cancer, whereas, under the Longshore Act, the plaintiff need only show that workplace exposure to asbestos was a *contributing* factor in causing Levarge's cancer. Further, ACE and Travelers claim that they lacked privity with Electric Boat because they were unable to defend their interests during the proceedings before the Department

of Labor. Before addressing these issues, however, we first must address whether this court has jurisdiction to review the merits of this appeal. Our review of the decisions of the commissioner and the board makes it clear that we do not.

We begin by setting forth the governing legal principles that we recently summarized in *Hunt* v. *Naugatuck*, 273 Conn. 97, 868 A.2d 54 (2005). "[U]nder General Statutes § 31-301b, [a]ny party aggrieved by the decision of the [board] upon any question or questions of law arising in proceedings may appeal the decision of the [board] to the Appellate Court." (Internal quotation marks omitted.) Id., 104. "We have stated, however, that the Appellate Court's review of disputed claims of law and fact ordinarily must await the rendering of a final judgment by the [board]." (Internal quotation marks omitted.) Id. When the remand of a matter to the commissioner for further proceedings is necessary, "the finality of the board's decision is called into question . . . . In such circumstances, [t]he test that determines whether such a decision is a final judgment turns on the scope of the proceedings on remand: if such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed." (Citation omitted; internal quotation marks omitted.) Id. "This rule is an application of the more general final judgment principle that an otherwise interlocutory order is appealable [when] (1) it terminates a separate and distinct proceeding, or (2) so concludes the rights of the parties that further proceedings cannot affect them." (Internal quotation marks omitted.) *Doe* v. *Connecticut Bar Examining Committee*, 263 Conn. 39, 49 n.5, 818 A.2d 14 (2003). In addition, "because the existence of a final judgment is a jurisdictional prerequisite to an appeal, the reviewing court may dismiss a case on that

ground even if the issue was not raised by the parties." *Hunt* v. *Naugatuck,* supra, 104–105.

On remand, the commissioner must apportion liability among Electric Boat, ACE and Travelers pursuant to General Statutes § 31-299b. See, e.g., *Hatt* v. *Burlington Coat Factory,* 263 Conn. 279, 311, 819 A.2d 260 (2003) (under § 31-299b, liability may be apportioned between successive insurers of single employer). We therefore must determine whether apportionment constitutes a ministerial act or will require the exercise of independent judgment and the taking of additional evidence. Pursuant to General Statutes § 31-299b, after the commissioner determines that an employee has suffered a compensable injury or disease, "the employer who last employed the claimant prior to the filing of the claim, or the employer's insurer, shall be initially liable for the payment of such compensation." After this initial determination, "[t]he commissioner shall, within a reasonable period of time after issuing an award . . . determine whether prior employers, or their insurers, are liable for a portion of such compensation and the extent of their liability. If prior employers are found to be so liable, the commissioner shall order such employers or their insurers to reimburse the initially liable employer or insurer according to the proportion of their liability." General Statutes § 31-299b. Thus, if the commissioner awards benefits, and there is a question as to the extent of liability of prior employers or successive insurers for the compensable injury, the commissioner must apportion liability among these employers or insurers within a reasonable period of time after the initial award.

In the present case, the record indicates that the commissioner has not apportioned liability, and, thus, on remand, the commissioner must decide to what extent Levarge's injury was attributable to the periods of time during which ACE and Travelers served as Elec-

tric Boat's insurance carriers. This determination will require a proceeding before the commissioner involving the production of evidence by all parties and a review of various medical and employment records. This court long has held that such a determination on remand will require the commissioner's exercise of independent judgment and certainly will not be ministerial in nature. See *Hall* v. *Gilbert & Bennett Mfg. Co.*, 241 Conn. 282, 293–94, 695 A.2d 1051 (1997) (holding that presentation of evidence and determination of whether claimant suffered from previous disability on remand was not ministerial in nature); see also *Eastern Connecticut Cable Television, Inc.* v. *Dept. of Public Utility Control*, 214 Conn. 609, 614, 573 A.2d 311 (1990) (when record is incomplete, there is no final judgment because proceedings on remand require further evidentiary determinations that are not merely ministerial); *Schieffelin & Co.* v. *Dept. of Liquor Control*, 202 Conn. 405, 409–11, 521 A.2d 566 (1987) (holding that remand by trial court ordering agency to undertake evidentiary inquiry into matter not addressed in previous agency decision was not appealable final judgment); cf. *Smith* v. *Yurkovsky*, 265 Conn. 816, 820, 830 A.2d 743 (2003) (holding that remand requiring commissioner to perform basic mathematical computation is ministerial and does not require exercise of independent judgment or discretion); *Szudora* v. *Fairfield*, 214 Conn. 552, 557, 573 A.2d 1 (1990) (holding that, because compliance with compensation review division's remand order required only "a ministerial, noncontroversial compilation of salary information retrievable from an existing computer data bank" already in evidence, decision of compensation review division was appealable final judgment).

Accordingly, we conclude that the board's decision is not a final judgment. Therefore, we lack subject matter jurisdiction to review the merits of the case.

The appeal is dismissed.

In this opinion the other justices concurred.