[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs herein have come before the court appealing a decision of the Zoning Board of Appeals of the City of Ansonia relating to property owned by the defendant Claudia Dzienkiewicz. CT Page 12534 The property, which is in a Residential A zone and the subject of this appeal is adjacent and contiguous to the property owned by the plaintiffs and thus they are aggrieved.
The property has a lot area of 20,841 square feet and has a two family residential building thereon. The defendant Dzienkiewicz wishes to subdivide the property into two lots in order to build a one family residence on one of the lots. In order to do so, several variances are necessary. It is from the granting of these variances that the plaintiffs have taken this appeal.
The appeal presents two issues to the court for its decision. The threshold decision for the court is to determine whether there are the necessary number of concurring votes for the Board to have rendered a favorable decision. Secondly, there remains the question of whether in fact there exists a hardship.
As to the number of concurring votes, the record discloses that there were three votes in favor of granting the variances; one vote was opposed and one vote abstaining.
Section 8-7 of the Connecticut General Statutes reads in its pertinent part as follows:
 "The concurring vote of four members of the zoning board of appeals shall be necessary . . . to vary the application of the zoning by law, ordinance, rule or regulation. . . ."
The record discloses that there were only three concurring votes. An abstention cannot be considered as a concurring vote. Webster's Ninth New Collegiate Dictionary defense the word "abstain" as: "[T]o retrain deliberately and often with an effort of self denial from an action or practice."
When one abstains from casting a vote, that person does not intend that their vote be either for or against the particular proposition, but only that they do not wish to be recorded on either side of the issue.
As for the hardship issue, the dividing of the property into two lots is a hardship created by the applicant. It is a voluntary hardship.
 "Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to CT Page 12535 grant a variance. . . . The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances beyond the control of the party involved.' (Citations omitted). Id. 39-40. It is well established that a hardship that is self created is never a proper grounds for a variance. Id."
Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 205-06.
The hardship in the present instance is a voluntary one created by the defendant. The court finds that the Board has acted illegally and in abuse of its discretion. Judgment may issue for the appellant plaintiff.
The Court
Curran, J. State Trial Referee