[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Appellant is and was for several years the operator of a grocery store/delicatessen located at 718 Highland Avenue, Waterbury in a low density residential zone. Appellant D'Amelio leases said property owned by Nicholas Martone with an option to purchase. The grocery store/deli is a prior non-conforming use in the neighborhood. On January 19, 1996 D'Amelio filed a form entitled Departmental Approval List-Building Permits which appellant contends constituted an application for a building CT Page 1787 permit. In the "Description" section was stated "Interior Alterations." The "Use" section was left blank and "Size" section read "(seating area) storage room — new bathroom." There was a checkmark beside "restaurant" on the form. Thereafter, on February 13, 1996, plaintiff's contractor, East Coast Contractors filed an application for a building permit on which is stated that what is being built is a storage room and new bathroom at an estimated cost of $1500. On that form, the restaurant box is not checked but "commercial" box is. A sketch accompanying Application for Building Permit does not indicate use as a restaurant or any tables. It shows a room, closet and bathroom. After an inspection, the City of Waterbury Department of Inspection issued Building Permit 35976C in February, 1996.
Pursuant to the issuance of the permit, plaintiff's contractor commenced making interior alterations to said premises. By March, 1996 the work was completed. After inspection by City officials, plaintiff was issued a Certificate of Occupancy presumably for a storage room and new bathroom as requested on the building permit. Shortly thereafter, plaintiff commenced business operating as a restaurant/deli/grocery store, sending out flyers advertising the same and indicating that the restaurant could accommodate 40 people. (Record #18).
Once the restaurant was opened, neighbors began to complain. On May 2, 1996, the appellant was notified by the City that he could not operate a restaurant at said property because such operation was not in compliance with-the City of Waterbury Zoning Regulations. Appellant acting without an attorney applied to the Zoning Board of Appeals for "variances" requesting a variation of "Section 6.3 change in use from an existing delicatessen to a delicatessen/restaurant and Section 6.5 structural expansion from an existing storage area to a seating area and restroom in the RL zone [Residential Light]. Although the application states that a request for any variance must be accompanied by a Class A-2 survey map, none was submitted by the applicant.
Section 6.3 reads as follows:
6.3 Change in use.
 A nonconforming use may be changed to another nonconforming use in the same zoning district providing that the new use will have a lesser impact upon the CT Page 1788 surrounding area than the old one and subject to the granting of a special exception by the zoning board of appeals.
 Whenever a nonconforming use has been changed to a conforming use or to a use permitted in the same zoning classification, it shall not thereafter be changed to a nonconforming use.
Section 6.5 reads as follows:
6.5 Structural expansion
 Any existing legal nonconforming use of a building or structure may be expanded to not more than fifty (50) per cent of its gross floor area on the existing lot area at the date of the adoption of this ordinance, (June 20, 1979), provided that the proposed extension does not violate height yard, parking, and lot coverage requirements of the existing zoning district and subject to the approval of the Zoning Board of Appeals as a special Exception. These conditions are mandatory and not subject to variance.
(Emphasis added)
Nevertheless, appellant acting without an attorney, applied for a variance of these two zoning regulations. A duly noticed public hearing was held on May 20, 1996 attended by Commissioners Caiazzo, Palermo, Marage and Chairman Russell and Alternate Commissioner Terienzo. Commissioner Jaynes was absent. After an extensive public hearing at which applicant D'Amelio was heard and several neighbors spoke in opposition and a petition was received and placed on record signed by many people, not all of whom live in Waterbury, in favor of appellant's application. The Commission voted to table for 30 days appellant D'Amelio's request. It was also voted to request a review of the file by the Corporation Counsel's office.
Thereafter a special meeting of the Zoning Board of Appeals was held on July 1, 1996. Present were Chairman Russell, Commissioners Caiazzo, Palermo, Jaynes, Marages and Alternates Terienzo and Noqueiro (who left shortly after the start of the meeting). Although a response had not been received from the Corporation Counsel's Office, most of the members participated in discussion of D'Amelio's application. No finding of hardship was made by the Board. Discussion took place of the case of CT Page 1789Bloom v. Zoning Board of Appeals, 233 Conn. 198 (1995) concerning whether a variance should be issued if mistakes had been made in the issuance of a building permit by the city officials. A vote on the termed variance was taken and Commissioner Palermo, Marages and Russell voted to deny applicant D'Amelio's request for variance and Commissioners Caiazzo and Jaynes abstained from voting [Jaynes was not present at the public hearing but alternate Terienzo, although present at the public hearing and at the special meeting, did not vote]. The reason for the Board's action was not stated on the record so the court had to search the record.
From the action of the Board denying the variance, the appellant D'Amelio appealed to this court.
First, the court will find that Guiseppe D'Amelio is aggrieved by the Board's action. D'Amelio has been a tenant for approximately 14 years operating a grocery/delicatessen on premises owned by Nicholas Martone of New York. A plaintiff has standing to challenge the decision of a zoning board if that person is aggrieved by its decision. Primerica v. Planning andZoning Commission, 211 Conn. 85, 92 (1989). The question of aggrievement is one of fact to be determined by the trial court on appeal. Hughes v. Planning Zoning Commission,156 Conn. 505 (1968). There is a two-fold test to be applied in order to establish aggrievement. First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest, such as the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously affected by the decision. Hall v.Planning Commission, 181 Conn. 442, 444 (1980). The court finds that appellant, a tenant, with an option to purchase the premises in question concerning which the board has denied a variance has satisfied the test for aggrievement.
Courts must not disturb the decision of the Zoning commission unless the party aggrieved by the decision establishes that the Commission acted arbitrarily or illegally.First Hartford Realty Corp. v. Town Planning and ZoningCommission, 165 Conn. 533 (1973). Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of witnesses and the determination of issues of facts are matters CT Page 1790 solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. Calandro v. Zoning Commission, 176 Conn. 439, 440
(1979). Courts are not to substitute their judgment for that of the Board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably exercised after a full hearing. Torsiello v. Zoning Board of Appeals,3 Conn. App. 47, 49 (1984) citing Whittaker v. Zoning Board of Appeals,179 Conn. 650, 654 (1980).
The first issue to be decided concerns the legality of the voting of the Zoning Board of Appeals. Appellant asserts that the vote was improper and illegal and that therefore the board acted illegally, arbitrarily and in abuse of discretion. Connecticut General Statutes § 8.7 requires the concurring votes of four members of the zoning board of appeals . . . to vary the application of a zoning bylaw, ordinance, rule or regulation. The plaintiff argues that since a variance could be granted by four concurring votes, that four votes are necessary to deny a variance also. The plaintiff relies on S.I.S. Enterprises. Inc.v. Zoning Board of Appeals, 33 Conn. App. 281 (1993). In that case the Appellate Court held that "since the concurring vote of four members of a zoning board of appeals is required to vary the zoning regulations, a zoning board of appeals may not act unless there are at least four qualified members present and voting." Id. That case may be distinguished from the instant case, as at issue in that case, was the vote of a board member who was hospitalized. Actually, there were only three board members present at the S.I.S. Enterprises zoning hearing.
In the instant case, there were all five members present but two chose to abstain, while three voted to deny the application for a variance. All of the members participated in discussion. While there is a split of authority at the trial court level as to whether an abstention counts as a vote, U Haulv. Planning Zoning Comm., 12 Conn. L. Rptr., 367 (1994) (Fuller, J.) holding that votes of members of a zoning agency who abstain from voting are counted as being with the majority and Biasucci v. Zoning Board of Appeals of Ansonia,13 Conn. L. Rptr. 100 (1995) Curran, S.T.R. holding that an abstention does not count as an affirmative vote for the granting of a variance, the Supreme Court of Connecticut has held that where three concurring votes were required to pass a resolution and two voted in the affirmative and two refrained from voting either CT Page 1791 way, that the silence of the non-voting members whose presence made a quorum, was a concurrence in the passage of the resolution and the resolution was passed. Somers v. City of Bridgeport,60 Conn. 521 (1892). This court, therefore, holds that the Board in the instant case acted legally in denying the application of appellant on the vote of three to deny and two abstentions.
Appellant's application was one for a variance of Sections 6.3 and 6.5 as spelled out earlier in this decision. In regard, first to 6.5 that section states "these conditions are mandatory and not subject to variance." Therefore this court holds that the Board could make no other decision then denying a variance of that section. The next issue is that of the characterization of appellants's application. In denying appellant's application, the Board did not set forth on the record the reason for its decision. The court, therefore, is obligated to search the entire record in order to ascertain if there was a basis for the Board's decision. Bloom v. Zoning Board of Appeals,233 Conn. 198 (1995) citing Connecticut Resources Recovery Authority v.Planning Zoning Commission, 225 Conn. 731, 743 (1993).
Section 7.2 et seq. sets forth the powers and duties of the zoning board of appeals. Section 7.21 sets forth requirements for granting variances and reads as follows.
 7.21-3. Authorize variance. Authorize upon appeal in specific cases variance from the terms of these regulations where by reason of exceptional shape, size, or topography of the lot or other exceptional situation or condition of the building or land, exceptional difficulty or unusual hardship would result to the owners of said property from a strict enforcement of the regulations; provided that such relief or variance can be granted without substantial impairment of the intent, purpose and integrity of this ordinance and of the comprehensive plan for the City of Waterbury.
 A Class A-2 survey map made by a Connecticut registered land surveyor shall be required for any variance.
 It is further provided that this provision shall not permit the board to permit a use of land not authorized by the provisions of this ordinance for a specific zoning district or to increase the height or volume of a building or CT Page 1792 structure or to increase the density of development beyond that permitted by this ordinance for any particular zoning district. Before granting a variance on the basis of unusual difficulty or unreasonable hardship, the zoning board of appeals must make a written finding in its minutes as part of the record in the case that all of the following conditions exist:
 (a) That if the owner complied with the provisions of this ordinance he would not be able to make any reasonable use of his property.
 (b) That the difficulties or hardship relate to the physical characteristics of the land and are peculiar to the property in question in contrast with those of other properties in the same district.
 (c) That the hardship was not the result of the applicant's own action.
(d) That the hardship is not merely financial or pecuniary.
 (e) Any variance which is not executed within a period of six (6) months shall become null and void, unless an extension of time is applied for and granted by the Zoning Board of Appeals.
Appellant submitted no Class A-2 survey map as required for any variance. Also, the board made no written findings in its minutes as part of the record concerning hardship as per Section 7.21-3. A finding of hardship would be necessary and such hardship cannot be a result of applicant's own action or merely financial or pecuniary. In order to obtain a variance the applicant also must show that if he complied with the provisions of the zoning ordinance he would not be able to make any reasonable use of his property. This was not shown by applicant or found by the Board.
Most of the discussion of the Board centered around Section 6.3 which is for a change of use. This section reads in part that "a nonconforming use may be changed to another nonconforming use in the same zoning district providing the new use will have a lesser impact upon the surrounding area than the old one and subject to a special exception by the zoning board of appeals." Appellant who applied for a variance of this CT Page 1793 section claims that the board was unclear in its discussion and decision. This, the court does not doubt. The Appellant acknowledges that there was no attempt to show that the new use would have a lesser impact because it was not applying for a special exception but for a variance.
This court finds that on a review of the record a denial of either variance or a special exception was justified by the Board.
The remaining issue is that of equitable estoppel. Appellant claims that the Board is equitably estopped from denying his request for variances.
Although estoppel is generally not invoked against a public agency in the exercise of its governmental functions, an exception exists where the party claiming the doctrine of estoppel would be subjected to a substantial loss if the municipality were permitted to negate the acts of its agents.Dornfried v. October Twenty-Four. Inc., supra 635 (1994); Dupuisv. Submarine Base Credit Union. Inc., supra 354 (1976).
Estoppel generally requires proof of two essential elements: (1) "the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; " and (2) "the other party must change its position in reliance on those facts, thereby incurring some injury". Id. At 634-35; Bozzi v. Bozzi, 177 Conn. 232, 242 (1979).
This is an equitable claim and he who seeks equity must do equity. Kilbourne v. City of New Britain, 109 Conn. 422, 427
(1929). Appellant failed to prove the first essential element that the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief. Here appellant in his building permit application of January 29, 1996 [Record, item 21] described the request for "interior alterations". In the blank for size he entered "storage room-new bathroom (seating area)" and in the space under the heading "Use" there was nothing filled in. In the boxes marked "Commercial, Residential, Commercial, Restaurant," etc. appellant had checked Restaurant. However, when on February 13, 1996 East Coast contractors filled out an application for a building permit on appellant's behalf, there was no reference to CT Page 1794 a restaurant or food service. The Commercial block rather than Restaurant was checked and when it was asked what are you building, East Coast Contractors wrote storage room and new bathroom at an estimated cost of $1500. Record, Item 22. On the basis of the application, a building permit was issued. After completion of renovations, a Certificate of use and Occupancy was issued based on that application for storage room and new bathroom.
This court fails to find that appellant was induced by the City to believe that he had the approval to operate a restaurant. A municipality is not estopped merely because it issued a building permit and the property is used for a purpose not described to its officials. Zoning Comm. Of the Town of Shermanv. Lesczinski, 188 Conn. 724 (1982). Further, it does not appear to this court that appellant changed his position relying on inducement of city officials, thereby incurring some injury.
Although the Supreme Court of Connecticut has not yet had the opportunity to determine whether the doctrine of equitable estoppel may be specifically invoked to support the issuance of a variance, the Supreme Court has clearly upheld the doctrine's invocation in cases involving the enforcement of the zoning laws. Dornfried v. October Twenty-Four, Inc., 230 Conn. 622,634 (1994); Dupuis v. Submarine Base Credit Union Inc.,170 Conn. 344, 354 (1976)).
In a recent case, the trial court held that although no traditional legally cognizable hardship justified a variance that owners of property on which a building permit had been issued and work performed demonstrated a hardship under principles of equitable estoppel. The Supreme Court held that this decision was erroneous because it was not raised before the Board or in the trial court and the court had not held an evidentiary hearing thereon. Bloom v. Zoning Board of Appeals,
supra, 233 Conn. 198. In the instant case, the issue was raised in the trial court although not before the Board but at the hearing of argument on appeal. No request was made by appellant to put on any evidence although the opportunity to do so existed. The Supreme Court held by way of dicta that the issue of whether the doctrine of equitable estoppel may be invoked to support a variance is not before them and leave it for another day. Bloom, Id., 204. However, in that case the court also held that the doctrine of equitable estoppel requires more than a mere act in reliance on the conduct of the municipality, CT Page 1795 citing Kimberly-Clark Corp. v. Drubner, 204 Conn. 137, 149
(1987).
Further, the court has not found that appellant, based on the estimated cost of renovations of $1500 and the claimed costs alleged at the public hearing that appellant spent $13,000 on renovation. The investment for a bathroom and dining room with table and chairs would not be rendered completely useless. Appellant can still use his premises as a delicatessen/grocery with an area for customers to wait. The premises are not rendered useless by the denial of the application for variance.
The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established. The trial court, after a review of the record before it does not find that the board's act was arbitrary, illegal or an abuse of discretion. Schwartz v. Planning Zoning Commission,208 Conn. 146, 152 (1988).
Therefore, the court dismisses the appeal. Judgment shall enter accordingly.
KULAWIZ, J.